McCay, Judge.
1. We do not think the charge of the Court to the jury on the trial, restricting the view they might take of the parol evidence, was the full measure of the defendant’s rights in this case. This note and the memorandum on the back of it were made at the same time, and coming as they both do from the possession of the plaintiff, they are part of the same written contract. The contract as it stands is dubious as to its real meaning. The note and the memorandum contradict each other in terms as to the time of payment, and the description of the Pledger note is very meagre. Even at common law the facts of a transaction and the surroundings of the parties might be used to explain a written contract which was not clear upon its face. Our Code, section 3748, goes further still, and allows all ambiguities, latent and patent, to be explained by parol; and I have, always thought there was more propriety in explaining by parol patent ambiguities than latent. Patent ambiguities are notice upon their face to all *that the instrument is uncertain, and everybody who deals with the matter has notice; but latent ambiguities lie hidden beneath the surface, and one looking at the paper alone may be misled with the idea that all is clear. At any rate, our Code, as I understand it, breaks up the distinction. We think, therefore, the Court should have allowed the jury to consider this evidence so far as it went to explain what the parties meant by this note and memorandum. The jury, perhaps, would have concluded that, considering all the facts, the intent was simply to make C. McCalla an agent to collect the money on the Pledger note, and that this paper as it stands was the mode they took to secure to Matthew McCalla the faithful performance of his undertaking by Chelsea.
2. If this were the truth, then his liability would be complete when he got the money. If he failed to get it, then, as he was a paid agent, his liability would depend upon his diligence. We intend, however, to express no opinion on the effect of this evidence — that is for the jury, under a proper charge of the Court.
Judgment reversed.