SAMUEL HUXFORD v. JAMES C. ESLOW ET AL.

*Mortgage—Compound interest—Penalty for refusing discharge.*

1. A mortgage given before the statute allowing compound interest took effect remains subject to the law as in force at the time it was given, and the fact that part of the advances which it was meant to secure were not paid over until after the law took effect does not create two classes of debts under the mortgage.

2. The statutory penalty for refusing to discharge a mortgage is never enforced by the Supreme Court where the refusal was not manifestly unreasonable and the mortgagee honestly believes that his claim is not satisfied.

Appeal from Calhoun. (Hooker, J.) Feb. 8.—March 6.

BILL of foreclosure and cross-bill. Complainant in cross-bill appeals. Decree modified.

*Eugene M. Converse* and *Wm. H. Townsend* for complainant in original bill.

*John C. Patterson* and *Wm. H. Brown* for appellant.

CAMPBELL, J. Huxford filed his bill to foreclose a mortgage given by Eslow and others, June 14, 1869, for $10,000, payable with 10 per cent. interest on or before ten years from date. A portion of this sum of $10,000 was not advanced until some months after the date of the securities. Payments were made from time to time, and the interest was reduced to 8 per cent. This bill was filed claiming a balance still due.

Defendant Eslow, who is the only party in interest, answered, insisting that the mortgage had been overpaid, and filed his cross-bill to recover the overpayment, and the statutory penalty of $100 for refusal to discharge the mortgage.

Complainant claims that under the statute of 1869, he is entitled to interest on interest. He also claims that there was subsequently an express agreement to pay it.

While there is some evidence of negotiations, we do not think a subsequent agreement to pay interest is made out. And inasmuch as the contract was made before the statute of 1869 took effect, we think the fact that some advances were made thereafter does not separate the mortgage into two classes of debts. All is governed by the law in force at the time the contract was made.

The court below gave Eslow a decree for less than he claims to have been the overpayment, and we can see no ground for this, on the record, unless on the theory of interest on interest. The only computation which appears to have been made without compound interest indicates the excess to have been $484.95, July 15, 1882. The payment then made was $1000, which complainant insisted left a balance due, while defendant claims he was induced by representations, which he could not then verify, to believe there was a balance against him.

If the parties had ever come to a distinct agreement as to interest, it is possible it could not be disturbed. But, as we read the record, there was nothing of this sort made in any binding way. Upon the whole facts we do not see how the conclusion can be avoided that complainant was actually paid $484.95 too much, without anything to estop Eslow from insisting on it. The decree should have been for this amount, with interest from July 15, 1882.

We have always declined to enforce the statutory penalty in these proceedings, where the complainant in foreclosure is not guilty of unreasonably refusing a discharge. Here no bill was filed by Eslow until complainant's foreclosure suit was begun, and we do not think it appears very clearly that complainant did not honestly suppose he had a larger claim than he turns out to have had. We do not think the penalty should be enforced.

The decree must be modified so as to require complainant to pay $484.95, with interest from July 15, 1882; Eslow to recover costs of both courts.

The other Justices concurred.