## LANCE STIPE AND ANOTHER v. A. C. JEFFERSON AND ANOTHER.[1]

November 9, 1934.

No. 30,080.

[1]Reported in 257 N. W. 99.

*Raymond J. Rockstroh, Frank H. Osterlind,* and *Edgar S. Young,* for appellant.

*R. Edison Barr,* for respondents.

*STONE, Justice.*

Defendant A. C. Jefferson appeals from the judgment. His co-defendant, John J. Gelin, does not appeal.

Plaintiffs, husband and wife, in June, 1927, were the owners as joint tenants of the residence property involved in the action. They sue, and were successful below, to have their absolute conveyance to defendant Jefferson declared a mortgage. After the conveyance, Jefferson conveyed the property by absolute deed to defendant Gelin. At that time there was an outstanding executory contract for deed from defendant Jefferson as vendor to plaintiff Lance Stipe as vendee. That contract was assigned by Jefferson to Gelin; but, before the commencement of this action, he had, in form, summarily canceled it by notice pursuant to the statute (2 Mason Minn. St. 1927, § 9576). After plaintiffs' conveyance to Jefferson, and until the attempted cancellation of the contract by Gelin, plaintiffs remained in possession of the property.

The decision that the deed from plaintiffs to Jefferson was not an absolute conveyance, with outright contract of resale, but rather and only a mortgage, is sustained by the evidence. Very persuasive for plaintiffs was a letter containing an offer by Jefferson, accepted by plaintiffs, to take a conveyance to be followed by a "contract for deed" from Jefferson to plaintiff Lance Stipe, for the primary purpose of enabling Jefferson to raise money on the property to liquidate outstanding claims against it (mainly for a building then recently erected by plaintiffs). The instrument explicitly states that the vendee's "equity in said contract for deed" would be transferred to Jefferson "to secure the payment of the balance due

on my book account." In the face of that and other evidence, we are not permitted to say that the decision below on the facts was wrong. It is immaterial that there was some interval of time between plaintiffs' deed and Jefferson's contract back as long as they were part of the same transaction, as they must be considered to be under the findings of fact. Lundeen v. Nyborg, 161 Minn. 391, 201 N. W. 623.

■ Appellant claims that Gelin's attempted cancellation of the contract for deed terminated all of plaintiffs' interest in the property by putting an end to the contract. The complete answer is that, on the decision below, there never was any executory contract of sale subject to cancellation. Sanderson v. Engel, 182 Minn. 256, 234 N. W. 450. Instead there was a mortgage, under which plaintiffs as mortgagors had an equity of redemption which could be terminated only by foreclosure or by their lawful surrender of the equity of redemption.

■ After the transaction between plaintiffs and Jefferson, Lance Stipe filed a voluntary petition in bankruptcy in United States district court, for this district, and was discharged April 22, 1929. He scheduled his indebtedness to defendant Jefferson. He did not schedule as an asset the real estate in question nor any interest therein. But the findings are that plaintiffs were not "familiar with real estate transactions, or instruments necessary in connection" therewith; that they "relied upon the advice, knowledge, and representations of the defendant A. C. Jefferson"; and deeded the property "as required by him." At the time, and during the bankruptcy proceedings, they were excusably ignorant of the fact that they "had any equity in the premises herein involved" and did not schedule it. That finding is accompanied by one "that the defendant Jefferson had personal knowledge of said equity, * * * and failed to disclose the same in said bankruptcy proceedings when it was his duty" to do so. Fraud on the part of Lance Stipe in failing to schedule his interest in the property as an asset in the bankruptcy proceeding is thus negatived. The argument at this point for appellant is that, even though it was not scheduled, title to all of the bankrupt's property passed to the trustee in bankruptcy and

did not revert to him upon his discharge. There is some authority generally for the proposition. Jones v. Barnes, 107 Miss. 800, 66 So. 212; Kempner v. Bauer, 53 Misc. 109, 104 N. Y. S. 76; Scruby v. Norman, 91 Mo. App. 517; Laing v. Fish, 119 Ill. App. 645; Patterson v. Boyd (Tenn. Sup.) 150 S. W. 424; First Nat. Bank v. Lasater, 196 U. S. 115, 49 L. ed. 408. See also 7 C. J. 417; 3 Remington, Bankruptcy, § 1235.

The question thus presented is one of title to Minnesota real estate. Hence it must be determined by the law of this state. The local law would determine even though the question arose in a federal court. Oakey v. Bennett, 11 How. 33, 13 L. ed. 593.

■ The bankruptcy act is, of course, just as effective locally, within the field of its operation, as though it were a state statute. A trustee in bankruptcy, upon his appointment, becomes "vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt," except as to the exempt property. 11 USCA, § 110. But that title is taken in trust, primarily for the benefit of his creditors, and secondarily for the bankrupt himself. Upon the termination of the trust by dismissal of the bankruptcy proceeding, a composition, or discharge of the bankrupt, the latter becomes automatically reinvested with his former title to any property not needed for the purposes of the trust, which is the payment of the claims of creditors. Steevens. v. Earles, 25 Mich. 40. The duties of the trustee are defined, and the nature of his title fixed, by 11 USCA, § 75, which declares that "such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." So, while the title of plaintiff Lance Stipe to the property now in question passed to the trustee in bankruptcy, it remained undisposed of at the end of that proceeding and must be considered as having reverted to Stipe upon his discharge. That is necessarily so because the title of any property

held in trust reverts to its original owner, usually the creator of the trust, upon the execution of the trust and the consequent discharge of the trustee, in the absence of any provision of law or in the instrument creating the trust requiring a contrary result. Whatever may have been the application to such cases as this of § 47 of the original bankruptcy act (Neils v. Bohlsen, 181 Minn. 25, 26, 231 N. W. 248), there can be no other result under that section as now amended, to define the title of the trustee as that "of a creditor holding a lien by legal or equitable proceedings thereon." The trustee's title is divested when he ceases to be trustee. That title must then of necessity go "somewhere, and under these circumstances it is necessary to regard it as in the only party interested," i. e. the owner from whom the trustee took his title. Steevens v. Earles, 25 Mich. 40, 43.

The problem is precisely the same as though a judgment creditor of the bankrupt had levied upon real property, and thereafter, without execution sale, the levy had been released and the judgment satisfied. The owner of the property is reinvested with his former title, free of the lien created by judgment and levy. So also in bankruptcy, the transfer in trust is annulled by an end of the proceeding leaving the property undisposed of by the trustee.

Many of the earlier cases above cited are put upon the ground of fraud or estoppel or both. As already indicated, fraud is negatived in this case. If the findings had been that Stipe fraudulently concealed this asset from the creditors and the trustee in bankruptcy, it would be easy to hold that equity would not aid him to accomplish the purpose of his own fraud. Also, in a proper case, he might be barred of relief by estoppel. But there is nothing here to warrant such a holding, particularly as against defendant Jefferson, who knew as much or more than did Stipe concerning the status of the involved property.

The title of the trustee comes to him by operation of law and by virtue of his office. When he ceases to be trustee, the title must pass from him because he no longer has the legal capacity to retain it. So, if it is not otherwise disposed of, it must necessarily revert to the bankrupt as the original owner from whom in the first in-

stance the trustee got title. Clearly, one person cannot lose title without another getting it. See 50 C. J. 783 (§ 60).

In In re Lighthall (D. C.) 221 F. 791, it was held that the closing of a bankrupt's estate does not retransfer to him title to unadministered assets. However that might have been under the original bankruptcy act of 1898, it cannot be the law now that the trustee's title is, by the statute as amended, restricted to that of a creditor holding a lien. That aside, it is difficult to see how, upon the reopening of a bankrupt's estate, with the same or a new trustee, the latter is not immediately vested with his title as trustee of all of the assets of a bankrupt not disposed of in the original proceeding. The bankruptcy act carries explicit provision for reopening proceedings "whenever it appears they were closed before being fully administered." 11 USCA, § 11(8); 6 Remington, Bankruptcy, § 2971, *et seq.* See Fowler v. Jenks, 90 Minn. 74, 78, 95 N. W. 887, 96 N. W. 914, 97 N. W. 127. In Young v. Baker, 128 Minn. 398, 401, 151 N. W. 132, a bankrupt's failure to list the land, which he claimed to have mortgaged rather than conveyed, was treated only as "strong impeaching evidence," so strong that it defeated him on the facts, in his appeal here. His failure to schedule was not excused, as is the omission here, by a finding absolving him from fraud and also establishing his excusable ignorance that the property was an asset to be scheduled as such.

Defendant Gelin not being a party to his appeal, there is no occasion to pass upon the question whether or not he purchased the property from Jefferson in good faith and without notice of plaintiff's rights. If, as was determined below, Jefferson was a mortgagee rather than owner of the fee, subject to an outstanding contract of sale, his attempt to convey the property was wrongful. Therefore, the possibility of results adverse to him cannot control decision as between himself and plaintiffs. He is protected to the extent that his lien is preserved for the debt from plaintiffs to himself, with interest.

Affirmed.