SHELTON *v.* WILSON.

1. BILLS AND NOTES—AMBIGUITY—PRACTICAL CONSTRUCTION.

Note reading in part ''—after date I promise to pay to the order of (payee)*** with 4½ per cent. interest per annum—payable monthly'' upon which payor made, and payee received, monthly payments *held,* ambiguous but, by virtue of practical construction placed upon it by parties themselves, it is construed as an instalment contract and not a demand note as contended by payor.

2. CONTRACTS—PRACTICAL CONSTRUCTION.

If the terms of a contract are uncertain, the practical construction given it by the parties becomes important.

3. SAME—INDEFINITENESS—REMOVAL OF UNCERTAINTY BY SUBSEQUENT ACTS.

Courts do not favor the destruction of contracts because of indefiniteness where uncertainty has been removed by subsequent acts, conduct, declarations, or agreements of the parties.

4. SAME—INTERPRETATION BY PARTIES SHOULD BE CONSIDERED.

Interpretation or construction placed upon contract by parties by their conduct should be considered by court in construing it.

5. MORTGAGES—DISCHARGE—INSTALMENTS—SPLITTING CAUSE OF ACTION.

Action to recover instalments due and payable under a note payable in instalments does not split a single cause of action nor does satisfaction of judgment for such past-due instalments discharge remainder of obligation, hence payor of partially paid note, secured by mortgage, is not entitled to have mortgage discharged nor enforce statutory penalty for failure to do so, especially where record shows mortgagee honestly believed his claim was unsatisfied, he acted in good faith and in entire reliance upon his supposed legal rights and action to recover penalty was not commenced until after mortgagee had received sheriff's deed to premises and while plaintiff's equity of redemption was still running (3 Comp. Laws 1929, § 13318).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 16, 1935. (Docket No. 87, Calendar No. 38,490.) Decided January 31, 1936.

Action by Nora M. Shelton against George S. Wilson to recover the penalty imposed under 3 Comp. Laws 1929, § 13318, and damages for failure to discharge a mortgage. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Owen Rippey* (*Elmer G. Rice,* of counsel), for plaintiff.

*Condon, Condon & French,* for defendant.

BUSHNELL, J. Defendant was granted leave to appeal from a judgment of $100 entered upon the pleadings by the trial court. Plaintiff sued to recover the penalty imposed by 3 Comp. Laws 1929, § 13318, and for special damages, because of defendant's refusal to discharge a recorded mortgage to which the following note was collateral:

"$2,500        Detroit Michigan, November 29, 1929. ———— after date I promise to pay to the order of George S. Wilson, $2,500 Value received at the American-Warren office, Peoples Wayne County Bank, with 4-1/2 per cent. interest per annum —— payable monthly.

"NORA M. SHELTON."

(This indorsed on one end.)

"This note is secured by real estate mortgage of even date herewith, executed by Nora M. Shelton to George S. Wilson."

For some time, payments were made on this note at the rate of $25 per month and interest. In 1932, the balance remaining unpaid was $1,850, but when the payments became slower and finally ceased, de-

fendant sued plaintiff in common pleas court for 14 past-due instalments. She made no defense and default judgment was entered in the sum of $380, upon which execution issued and the judgment satisfied.

Plaintiff contends that defendant has split his cause of action upon a demand note; that satisfaction of the judgment was either a waiver of, or a bar to, the collection of the balance; and that the obligations of the note having merged in the judgment, there is nothing for the mortgage to secure and she is entitled to its discharge.

The learned trial judge declined to follow defendant's theory that the note constituted an instalment contract "and that it was his right to sue upon the instalments that were due and unpaid."

The court held the note in question a demand note upon which only a single cause of action could be maintained; that under the authority of *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.,* 233 Mich. 633, and 243 Mich. 557, the defendant had split his cause of action and the common pleas judgment was "final and conclusive as to the rights of the parties under this note." The opinion says:

"That promissory note was merged in the judgment of the common pleas court. That judgment has been satisfied. This mortgage is collateral to that note. When that note passed out of existence, and when the judgment based upon it was discharged, this mortgage became a thing which was in existence for the purpose of securing nothing whatever.

"The plaintiff is clearly entitled to have the mortgage discharged under the facts as disclosed in this record."

We feel there is another view of the problem which concerns the ambiguity in the note and the

practical construction placed upon it by the parties themselves. They did not treat it as a demand note, but rather, as insisted by defendant, an instalment contract secured by a real estate mortgage. It was so considered by plaintiff when she made payments upon the note and by defendant when he accepted these payments.

"If the terms of the contract are uncertain, the manner the parties treated it becomes important." *Wilmarth* v. *Hartman,* 238 Mich. 20.

"Courts do not favor the destruction of contracts because of indefiniteness, and hold that uncertainty may be removed by subsequent acts, conduct, declarations, or agreements of the parties." *Waites* v. *Miller,* 244 Mich. 267.

"In so far as the parties by their conduct have placed an interpretation upon the contract, such interpretation or construction should be given consideration in arriving at a conclusion." *Lower* v. *Muskegon Heights Co-operative Dairy,* 251 Mich. 450.

We, therefore, adopt the construction of the parties themselves. It necessarily follows that a suit upon instalments then due and payable did not split a single cause of action. There being no splitting of a cause of action, the satisfaction of the judgment for past-due instalment payments did not discharge the remainder of plaintiff's obligation and she cannot recover the statutory penalty for which she brought this action.

Furthermore, it seems apparent from the record that the mortgagee honestly believed his claim was not satisfied; that he refused to discharge the mortgage, acting in good faith and because of an honest difference of opinion, or in entire reliance upon his

supposed legal rights.    The instant suit was not
begun until after defendant had obtained a sheriff's
deed to the premises, and while the plaintiff's equity
of redemption was still running.    Under such cir-
cumstances, the penalty should not be enforced.
*Burrows* v. *Bangs,* 34 Mich. 304; *Huxford* v. *Eslow,*
53 Mich. 179; and *Parkes* v. *Parker,* 57 Mich. 57.
See, also, *Mathieu* v. *Boston,* 51 S. D. 619 (216 N.
W. 361, 56 A. L. R. 332), and annotations in 56 A.
L. R. 335, 345.

The judgment is reversed without a new trial.
Costs to appellant.