# United States Fidelity & Guaranty Co. *v.* Mound Lake Plantation Co. *et al.*

(Division A. April 22, 1940.)

[195 So. 495. No. 34075.]

Cooper & Thomas, of Indianola, for appellant.

542

**C. M. Murphy** and **V. B. Montgomery**, both of Benzoni, for appellees.

Griffith, **J.**, delivered the opinion of the court.

One Karl I. Nutter was president of the Martinsville Trust Company, of Martinsville, Ind., and was under bond as such with appellant as surety. While this bond was in force Nutter was guilty of divers defalcations, as a result of which the bank closed its doors on June 27, 1932, and a receiver was appointed for it on July 15, 1932. The receiver, on September 10, 1932, filed his proof of loss on the Nutter bond, and appellant subsequently paid

the amount thereof in full. Nutter was adjudged a bankrupt on September 17, 1932, and a trustee in bankruptcy was immediately appointed.

While the aforesaid defalcations were in progress, Nutter conveyed a large and valuable property, located in Humphreys County in this State, to appellee, Mound Lake Plantation Company, for the purpose of placing the same beyond the reach of his creditors, the conveyance being without actual consideration. While the property stood nominally in the name of the Mound Lake Plantation Company, the bank made a large loan to the Plantation Company through the machinations of Nutter, who was the president and manager of the Plantation Company. Later the Plantation Company, through the direction of Nutter, conveyed the property fraudulently to one Elgin; and it was the Plantation Company and Nutter and his wife and Elgin who interposed the demurrer to the intervention petition hereinafter mentioned.

After the conveyance by the Plantation Company to Elgin, the bank, through its receiver, filed its bill in the Chancery Court of Humphreys County to set aside the conveyance to Elgin as fraudulent, and to subject the property to the bank's debt; and, on June 20, 1938, appellant, having first obtained permission from the court so to do, filed its petition of intervention in the original receiver's suit. In its petition appellant prayed that it be permitted to join in the prosecution to set aside the conveyance from the Plantation Company to Elgin, but prayed also that, so far as petitioner is concerned, the conveyance from Nutter to the Plantation Company be set aside as fraudulent.

The parties above mentioned demurred to the intervention petition, and the first ground which they argue is that appellant should not be permitted to intervene in this suit originally by the receiver of the bank because, they say, the bond given by appellant was in aid of and for the benefit of the bank, and that this intervention, if maintained, would operate to the detriment of the bank.

There are at least two answers to this contention, and the first is, that the bank only could raise this point and it has not done so; and the second is, that the bank itself would be in no position to raise it, for the reason that the prayer of the intervention petition is that appellant's rights shall be "second and subordinate to the rights, if any, of complainant, the receiver of the Martinsville Trust Co., as may be decreed by this court."

The second ground of demurrer which is argued is that the sole right of action is vested in the trustee in bankruptcy. Under the allegations of the intervention petition, admitted by the demurrer, the trustee in bankruptcy, although knowing at all times of the existence of the right of action in regard to the property hereinabove mentioned, took no effective steps to enforce the rights of creditors therein and by the course of his conduct disclosed that he had no intention to prosecute to an effective conclusion any claim or demand against said property, and that this course had been pursued by him for more than five years before the filing of the petition of intervention.

A trustee in bankruptcy is not bound to pursue property the recovery of which would involve the estate in expensive and difficult litigation; and, in such situations, he must make an election within a reasonable time. If, within a reasonable time, he fails to actively assert and to continue actively to assert his claim, he will be deemed to have elected to abandon it to such creditors as may thereafter pursue it. This subject is sufficiently dealt with in 8 C. J. S., pp. 671, 672, Bankruptcy, sec. 201. More than a reasonable time had elapsed here before the filing of the intervention petition in this case.

Reversed and remanded.