Grafton,
No. 4654.

A. E. Philbrick *v.* Alfred Burbank.

Argued May 7, 1958.

Decided May 29, 1958.

*William F. Batchelder* for the plaintiff.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the defendant.

KENISON, C. J. As briefed by the parties the issue in this case is whether a discharged bankrupt has sufficient ownership in unscheduled and unadministered assets (accounts receivable) of his bankrupt estate to institute suit to recover them. The balance of the loan which the plaintiff bankrupt now seeks to recover after his discharge was omitted from his schedule of assets because he "had forgotten all about it," since he considered it "dead" and worthless. There is some conflict in the authorities as to whether the bankrupt can bring suit in such circumstances and if so, upon what theory he is allowed to do so. *People* v. *Hess*, 7 Ill. (2d) 192; anno. 111 A. L. R. 835. Property unadministered because it was unscheduled presents a practical problem as well as a legal one in straight bankruptcy cases. "It affords a basis for reopening the estate, but unless and until the reopening takes place, there is doubt whether the title remains conceptually in the discharged trustee, goes in gremio legis, or revests in the bankrupt subject to divestment on the reopening." MacLachlan, Bankruptcy, *s.* 128, *p.* 120 (1956).

Under section 70a of the Bankruptcy Act as amended, the plaintiff's claim against the defendant passed to the trustee in bankruptcy. 11 U. S. C. A., *s.* 110(a). Since this asset was not scheduled, it was not known to the trustee and any theory of abandonment of the asset by the trustee would be untenable. *First Nat. Bank* v. *Lasater*, 196 U. S. 115; anno. 19 A. L. R. (2d) 890. The view that the bankrupt after his discharge cannot recover an unscheduled asset finds support in *First Nat. Bank* v. *Lasater*, *supra,* and *In re Lighthall*, 221 Fed. 791 (W. D. N. Y. 1915). A contrary view indicating that the bankrupt has title after discharge and may assert the claim is found in *Stipe* v. *Jefferson*, 192 Minn. 504; note 19 Minn. L. R. 470. See *Watson* v. *Motley*, 201 Ala. 25; 6 Remington on Bankruptcy, *s.* 2986 (1952). An intermediate

view of the authorities, which we adopt, is set forth in 4 Collier on Bankruptcy (14th *ed.*) *s*. 70.07, *pp*. 973-974. "However, full *unrestricted* title to an *unadministered* asset does not automatically revert to the bankrupt upon the closing of the estate, absent circumstances showing the trustee's abandonment. As noted previously, the legal title to such an asset, while necessarily resting in the bankrupt for such purpose as the bringing of a suit thereon, is *in custodia legis* in the bankruptcy court if the property in question was never abandoned or disposed of. The bankrupt merely holds bare legal title for the trustee who is appointed upon the reopening and for the benefit of such creditors as may be entitled thereto."

It is believed to be unrealistic to say that the title to an unscheduled asset remains in the discharged trustee for all purposes, or to say that it remains in a state of abeyance. "The most adequate theory is to treat the bankrupt as holding only the bare legal title in constructive trust for the creditors entitled to the beneficial interest and for the trustee to be appointed upon a reopening of the estate." 4 Collier on Bankruptcy, *s*. 70.42, *p*. 1225.

As a practical matter it is unlikely that there will be a rush of creditors to reopen this estate to share in this comparatively small asset. The expenses might well exhaust any amount collected and unless the bankrupt can bring suit, the debt would be barred by the statute of limitations. We conclude that the Trial Court was correct in allowing the plaintiff bankrupt to maintain this action; but his title to this asset is subject to the right of any creditor to reopen the estate in bankruptcy. If the defendant should pay this judgment, which is held by the plaintiff bankrupt in trust for the benefit of any creditors that may institute legal proceedings, the defendant is protected from paying the obligation twice or to any other person. See *Bedford* v. *Bernstein,* 126 Me. 369; *Rand* v. *Iowa Central Ry. Co.,* 186 N. Y. 58; 3 Remington on Bankruptcy, *s*. 1406, *p*. 319 (1957). Accordingly, the defendant's exception is overruled and the order is

*Judgment on the verdict.*

All concurred.