[Civ. No. 23858.   Second Dist., Div. Two.   Dec. 3, 1959.]

THE PEOPLE ex rel. W. H. STEPHENSON, as Commissioner of Corporations, etc., Respondent, v. COLE CHECK SERVICE, INC. (a Corporation) et al., Appellants.

Nathan Newby, Jr. and Newby, Holder & Newby for Appellants.

Stanley Mosk, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

FOX, P. J.—This appeal is taken by defendants from an order of the superior court dated August 7, 1958, and entitled "Supplemental Order Appointing Receiver of All Assets and Trust Funds." Two questions are presented: (1) Did the superior court have the jurisdiction to appoint a receiver of all the assets of the defendant corporation, and (2) did the supplemental order describe the assets subject to the receivership with sufficient particularity?

There is no dispute as to the facts. On February 24, 1956, the Commissioner of Corporations filed a complaint against defendants "To Impress and Enforce a Trust, for an Accounting, a Receiver, and for an Injunction," pursuant to sections 12307.1 and 12307.2 of the Financial Code. (His right to maintain such an action is not challenged.) On April 4, 1956, Cole Check Service was adjudicated a bankrupt and all of its assets passed to the receiver in bankruptcy. On May 18, 1956, plaintiff filed a supplemental complaint requesting appointment of a receiver to protect the rights of the trustors and obligors who claimed an interest in the trust funds held by the receiver and trustee in bankruptcy. On May 21, 1956, a receiver was appointed for the limited purpose of representing those interested in the trust funds. Proceedings before the bankruptcy court followed and on April 9, 1958, an order approving the report of the trustee in bankruptcy was made. The order transferred certain assets found by the bankruptcy court to be trust assets to the state court receiver and there is no dispute here as to them. On July 25, 1958, the bankruptcy court entered an "Order Approving Account, Discharging

Trustee, and Closing Estate." On August 7, 1958, the "Supplemental Order Appointing Receiver of all Assets and Trust Funds" was made by the superior court. It is from this order that defendants have appealed.

The order continues in force the receivership of May 21, 1956, and supplements that prior order by instructing the receiver to take possession of all the assets of the defendant Cole Check Service, to marshal said assets and to apply to the court for further orders regarding disposition of the estate.

Defendants urge that the superior court had no power or jurisdiction to appoint a receiver of *all* the assets of defendant Cole Check Service on the theory that these assets have continued under the exclusive jurisdiction and control of the bankruptcy court. It is their theory that the bankruptcy is still "active" inasmuch as there has been no discharge of the bankrupt. This position is not sound.     The general rule is that the jurisdiction of the bankruptcy court continues until the *estate* is closed. (*In re Pittsburgh Railways Co.*, 253 F.2d 654; *Heiser* v. *Woodruff*, 150 F.2d 867, cert. denied 326 U.S. 778 [66 S.Ct. 271, 90 L.Ed. 471].) The estate may be reopened, however, "for cause shown." (Bankruptcy Act, § 2a(8) [11 U.S.C.A. § 11(a)(8)].)     The phrase "after the estate has been closed" does not mean the date of discharge or refusal to discharge; nor does it mean the date the referee remits the papers of a closed case to the clerk. It rather refers to the date when the final decree approving the trustee's account and discharging him is granted. (*Kinder* v. *Scharff*, 129 La. 218 [55 So. 769], aff'd 231 U.S. 517 [34 S.Ct. 164, 58 L.Ed. 343].) This estate was closed and the trustee discharged by the order of July 25, 1958.

Relying on *In re Paramount Publix Corp.*, 82 F.2d 230, defendants point out that an estate is not closed as long as any assets remain to be administered. That case is not here applicable because the bankrupt estate had not been closed and the bankruptcy court had expressly reserved three causes of action to be prosecuted by the trustee, for the benefit of the estate. In the instant case the estate was closed, the trustee discharged and no assets were reserved.

We are here concerned only with any possible assets which were not scheduled by the bankrupt and which were not administered by the bankruptcy court.     We come now to the heart of the problem: What is the status of the title to such assets after the trustee has been discharged and the estate closed? The propriety of the order of the superior court ap-

pointing a receiver of such assets depends on whether the bankrupt then had title to them. There appears to be some confusion in the authorities on this question. One view is that title to unadministered assets remains under the exclusive control of the bankruptcy court. Another theory is that the bankrupt regains full title upon the discharge of the trustee and the closing of the estate. There is an intermediate view that bare legal title reverts to the bankrupt when the estate is closed. Such title, however, is subject to divestment in the event the bankrupt's estate is reopened under section 2a(8) of the Bankruptcy Act and a new trustee is appointed. This seems to us to be the more reasonable and practical rule. (See *Philbrick* v. *Burbank,* 101 N.H. 311 [141 A.2d 888]; 4 Collier on Bankruptcy (14th ed.), § 70.07, pp. 973-974.)  ██  The title of the trustee in bankruptcy to the assets of the bankrupt came to him by virtue of his office. Upon his discharge he no longer held the office and therefore ceased to hold title to any of such assets. Title, of course, cannot exist in a vacuum. One person cannot lose title without another acquiring it. The bankrupt, as the original owner of the property from whom the trustee derived his title, is the logical person to whom it should revert upon the discharge of the trustee. (See *Stipe* v. *Jefferson,* 192 Minn. 504 [257 N.W. 99, 101, 111 A.L.R. 831].) Since no petition to reopen the estate had been filed, the Cole Check Service still had title.  ██  Under such circumstances there could be no conflict between the jurisdiction of the bankruptcy court and that of the courts of this state. (See *Beck* v. *Unruh,* 37 Cal.2d 148, 152 [231 P.2d 13].) It therefore follows that the superior court had jurisdiction to make the order appointing a receiver of all the assets of Cole Check Service, Inc.

██  There is no merit in defendants' contention that the order appointing the receiver does not sufficiently describe the property subject to the receivership. By the terms of the order Allen was "appointed receiver of all of the assets of said Cole Check Service, Inc., . . . ." In *Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 P. 121, 18 Am. St. Rep. 192, 10 L.R.A. 627] (reversed on other grounds), the court stated, at page 387, ". . . it is sufficient, in appointing the receiver . . . to mention, generally, all the property of the insolvent. . . ." "Of course," observed the court, "when a litigation concerns some specific property described in the pleadings, it is proper, in appointing a receiver, to so describe the property in the order." But such is not the case here.

*Ryan* v. *Murphy,* 39 Cal.App. 640 [179 P. 517], relied on by appellants, is not here applicable. The order in that case neither described any particular property nor did it "mention, generally, all the property of the insolvent." No attempt whatever was made in that case to identify the property subject to the receivership.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.