[Civ. No. 7270.    Fourth Dist.    June 1, 1964.]

MATTHEW J. WISNIEWSKI, Plaintiff and Respondent, v. DAVID F. MORRIS, Defendant and Appellant.

Leon E. Campbell for Defendant and Appellant.

Edgar G. Langford, J. Perry Langford, Langford, Langford & Lane for Plaintiff and Respondent.

FINLEY, J. pro tem.*—This is an appeal by the defendant, David F. Morris, from a judgment declaring a contract between plaintiff, Matthew J. Wisniewski and Morris valid, and awarding $6,300 damages to plaintiff.

On March 17, 1961, plaintiff-respondent and defendant-appellant entered into a written contract which provided for the sale of certain secret formulae by respondent to appellant and for respondent's employment by appellant for a period of five years. The contract stipulated that respondent was the sole owner of the formulae. Later appellant stopped making the payments called for in the contract and terminated respondent's employment.

Respondent was the sole owner of North American Chemical Corporation. The corporation had issued no stock. On June 23, 1956, the corporation filed its petition in bankruptcy. At the time of this filing respondent claimed ownership of the formulae but upon request reluctantly delivered them to the trustee in the corporation bankruptcy proceeding. On January 14, 1957, respondent as an individual also filed his petition in bankruptcy. In his schedules he did not list the formulae as an asset. His bankruptcy was closed on the basis of no assets. The trustee in the corporation bankruptcy abandoned the formulae and upon close of the corporation proceedings delivered the formulae to respondent.

The contract for the sale of the formulae to and the em-

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

ployment of respondent by appellant provided for a total consideration of about $184,000.00 for purchase of the formulae payable over a 50-year period. Respondent's salary for a minimum period of five years was to be $200 per week. In the contract respondent warranted or agreed that he was the sole owner of the formulae with full rights to use or dispose of them.

Appellant contends that respondent was not the "sole owner" of the formulae but at the time the contract was entered into they were owned by the corporation. Appellant's reasoning is as follows:

1. The title to the formulae once having passed to North American Chemical Corporation's trustee in bankruptcy they became corporate property upon the trustee's abandonment of them; or

2. That plaintiff, not having listed the formulae as assets in his personal bankruptcy held a bare legal title in trust for his creditors.

As all of the parties who may have an interest in the formulae are not before the court, we do not propose to determine the complete state of the title. It is enough that the respondent here warranted that he was the sole owner of the formulae, that this warranty has been breached, and that the breach excuses appellant from his duty to perform under the contract.

■ It was not unreasonable for appellant to insist upon an express warranty of title when purchasing something with a genesis as dubious as secret formulae. He is entitled to the benefit of his bargain. In *People* v. *Cole Check Service, Inc.,* 175 Cal.App.2d 777, 780 [346 P.2d 838], the court said: "There appears to be some confusion in the authorities on this question [concerning title to a bankrupt's assets not administered in the bankruptcy]. One view is that title to unadministered assets remains under the exclusive control of the bankruptcy court. Another theory is that the bankrupt regains full title upon the discharge of the trustee and the closing of the estate. There is an intermediate view that bare legal title reverts to the bankrupt when the estate is closed. Such title, however, is subject to divestment in the event the bankrupt's estate is reopened under section 2a(8) of the Bankruptcy Act and a new trustee is appointed. This seems to us to be the more reasonable and practical rule. (See *Philbrick* v. *Burbank,* 101 N.H. 311 [141 A.2d 888] ; 4 Collier on Bankruptcy (14th ed.), § 70.07, pp. 973-974.)" ■ Thus,

it would appear that the respondent here, at the time the contract was made, held a bare legal title subject to divestment for the benefit of his bankruptcy creditors. It could be argued that this was nonetheless a good title, and upon its conveyance appellant, as a bona fide purchaser, took free of the equities of respondent's bankruptcy creditors, and consequently appellant got a title within the terms of his bargain. This argument, however, assumes that appellant was a bona fide purchaser, a status which he would have to establish through litigation. Appellant did not bargain for such litigation. Respondent had warranted his title. There existed a cloud on the title to the formulae sufficient to excuse appellant from his duty to perform under the circumstances.

In light of our decision on this matter, the remaining issues in dispute need not be discussed.

The judgment is reversed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied June 29, 1964, and respondent's petition for a hearing by the Supreme Court was denied July 29, 1964. Schauer, J., was of the opinion that the petition should be granted.