40805. WATSON v. PLANTERS & CITIZENS BANK et al.
40806. SALE CITY PEANUT & MILLING COMPANY, INC. v. PLANTERS & CITIZENS BANK et al.

DECIDED NOVEMBER 5, 1964—REHEARING DENIED
NOVEMBER 30, 1964.

*R. T. Spencer*, for plaintiffs in error.

*Twitty & Twitty, Frank S. Twitty, Frank C. Vann*, contra.

RUSSELL, Judge. ■ It is contended by demurrers to the answer that the note which the plaintiffs originally gave the bank to cover their indebtedness is contradictory because the body recites that the total amount, composed of both principal and interest, is due October 1, 1960, while the entry on the top margin which recites the total interest discounted on the left side, with the statement "To pay $2,000 on or before March 24, 1960" on the right side is an ineffectual attempt to vary the terms of the instrument by a marginal notation. Prior to the Negotiable Instrument Law it was established that, as between the parties to the instrument, their mutual intent or the intent of one known to the other would prevail, and a memorandum on a note which was a part of the original contract and which rendered the date of payment ambiguous might be explained by parol evidence. *McCalla v. McCalla*, 48 Ga. 502. Under the Act, certain ambiguities are subject to statutory resolution. *Code* § 14-217. Alterations may be made, but only with the assent of all parties liable. *Code* § 14-906. Contemporaneous written stipulations intended to be a part of the instrument may normally be so considered. *Hodson v. Scoggins*, 102 Ga. App. 44 (115 SE2d 715). The general rule is that unless the ambiguity is otherwise controlled by the express provisions of the

NIL, the construction put on the instrument by the parties including contemporaneous marginal notations intended to be a part of the instrument will govern. 10 CJS 478, Bills & Notes, § 42; Re Estate of Feldman, 387 Ill. 588 (56 NE2d 405, 155 ALR 210 and Anno. following). It was held in Shelton v. Wilson, 274 Mich. 433 (264 NW 854) that where a note was ambiguous as to wether it should be treated as a demand or installment note, the construction adopted by the parties should be accepted. To the same effect see Maynor v. Dillin, 241 Ala. 362 (2 S2d 440). *Cheney v. Bank of Bremen*, 25 Ga. App. 114 (3) (102 SE 903) is not in point, as it is controlled by *Code* § 14-217 (1) to the effect that a written sum will prevail over one expressed by figures. The allegations of the answer which set up the note and contended that an installment payment was contained therein were proper matters of defense and not subject to be stricken on demurrer. On the trial of the case the jury will have two issues of fact to resolve in this connection: whether the wording at the top of the note was a part of the instrument at the time it was signed, as the defendant contends, or was added later, as the plaintiffs contend, and whether, if the former, it was the intention of the parties that the instrument be an installment note. If so, then the accelleration clause in the loan deed would apply although not contained in the note itself if the two instruments were simultaneously executed covering the same transaction. *Cone v. Hunter*, 38 Ga. App. 45 (142 SE 468). The demurrers to the answer raising these issues were properly overruled.

■ The allegations in the answer setting out the bankruptcy proceedings voluntarily filed by the plaintiffs are relevant on the issue of damages, it being contended by the defendant that if the plaintiffs' business was destroyed this flowed from their voluntary act in filing the bankruptcy petition due to their insolvency and not from insolvency caused by the defendant in initiating the foreclosure.

■ An allegation that something is known by the opposite party is not a conclusion of the pleader unless contradicted by other facts which make it appear that such knowledge did not exist. *Ethridge Motors, Inc. v. Haynie*, 103 Ga. App. 676 (120

SE2d 317). However, the charge in paragraph 13 of the defendant's answer that the plaintiffs instituted the action solely for the purpose of attempting to harass, injure and damage defendant's reputation when they knew they had no legal basis for the suit, and that the defendant is therefore entitled to recover attorney fees for defending it, is no more than a charge that the plaintiffs acted in bad faith so as to entitle them to attorney fees under *Code* § 20-1404. This section does not apply to defendants. *King v. Pate*, 215 Ga. 593 (3) (112 SE2d 589). It was error to overrule the twelfth ground of demurrer.

■ Certain general demurrers to the plea in bar were urged on the ground that either the cause of action set out in the petition was a personal one which did not vest in the trustee in bankruptcy, or, if it did vest in the trustee it thereafter reverted to the plaintiffs because it was abandoned by the trustee. Considering only the latter argument without venturing into the questions opened up by the former, it is necessary to decide whether this claim was before the trustee and whether it was in fact adjudicated. The bankrupts scheduled their debt to the bank evidenced by the note and security instrument. They did not schedule any claim against the bank. However, this case is not like Larcon Co. v. Wallingsford, 136 FSupp. 602, or In the Matter of Tele King Corp., 136 FSupp. 731, where a defense to the note sued on (payment) or a compulsory counterclaim (failure to use ordinary care to prevent the loss which was the subject of the claim) were urged respectively. The claims attempted to be prosecuted in those cases after the discharge in bankruptcy involved matters which would have reduced the amount of the indebtedness represented by the notes which were scheduled as valid claims in the bankruptcy action. The cause of action here is not a defense or setoff against the note which would reduce the amount of the scheduled indebtedness. It is a tort action seeking damages because of an alleged illegal attempt to foreclose on the plaintiffs' property which damaged their business standing. Whether or not the plaintiffs owed the defendant the amount of the note has nothing to do with the tort they say was committed on them. The right of action, as set out in 107 Ga. App. 463, supra, sounds in tort, while the

note represented a contractual liability. It was the duty of the bankrupts to schedule all choses in action title to which would vest in the trustee; if the trustee has no knowledge of the asset he cannot be held to have abandoned it. First Nat. Bank of Jacksboro v. Lasater, 196 U.S. 115 (25 SC 206, 49 LE 408). But where the trustee is notified and takes action to determine the status of the chose in action, an abandonment may result although the debt was not scheduled. Philbrick v. Burbank, 101 N.H. 311 (141 A2d 888). When the trustee does in fact abandon the asset, title revests in the bankrupt after the discharge. Re Thomas (CA7 Ill.) 204 F2d 788, 41 ALR2d 971; Sparhawk v. Yerkes, 142 U.S. 1 (12 SC 104, 35 LE 915). "Disclaimer [by the trustee in bankruptcy of property of the bankrupt estate] does not require any formal acts on the part of the trustee, but consists of the refusal of the trustee, manifested by some act or acts and subject to the control of the court, to administer assets of the bankrupt estate." Re Miners Mills Coal Mining Co., 30 FSupp. 597. See also U. S. F. & G. Co. v. Mound Lake Plantation Co., 188 Miss. 539 (195 S 495).

In these cases, Ira Watson, apparently acting both for himself individually and for the Sale City corporation of which he was president, wrote a letter in which he contended that the instrument he signed was not an installment note, that when he signed it there was no provision for an installment payment made, that no payment was due at the time the foreclosure proceedings were initiated and he was so informed by its president, and that he wanted the trustee's consideration so that he might recover some of the damage which had been done to him. The letter was immediately forwarded by the referee to the trustee with the request that the latter relay his opinion and that of his attorneys. The trustee reported that his examination satisfied him that the claim of the bank was valid in every respect. He mentioned specifically that the interest charged showed that a $2,000 payment was intended to be made in March, seven months before the balance of the note became due. He furnished a signed statement from Watson's brother-in-law, who had been present at preliminary discussions and who stated he knew that Watson had agreed to pay $2,000 in the spring. The

trustee further stated that his own father was present when the statements were made, and had helped him in the investigation of the matter. All were of the opinion that "Mr. Watson knew the amount of the note, knew the amount of interest, and agreed to make the $2,000 payment on or before March 24, 1960."

Thus, the referee and trustee were on notice as to the claim of these plaintiffs. Nothing further was done in the matter and no further order was taken. The net result was not an adjudication but an abandonment. The trustee may not, simply by failing to pursue an asset in the belief that it is valueless, deprive the bankrupt of whatever value it may have, and the bankrupt who has in fact furnished the trustee with such information as he has regarding the asset is not estopped to claim it after abandonment simply because it was not listed on the schedule. See Herring-Curtiss Co. v. Curtiss, 227 NYS 489. Since no order disallowing the claim on its merits was entered, the case of U. S. v. Coast Wineries, 131 F2d 643, is not in point. Again, in the Matter of Farrell Publ. Corp., 130 FSupp. 449, the counterclaim arose out of a breach of the contract on which the note was founded, the indebtedness being for costs of printing and the defense being failure of consideration because of inferior work and failure to deliver the printing as called for in the contract. There was also a claim for damages because the creditor induced another firm to refuse to print the material involved in its contract with the bankrupt; however, the decision in the case is merely to the effect that, all parties being before the referee, the creditor could not press his claim and at the same time maintain that the referee had no jurisdiction regarding the setoff. Pindel v. Holgate, 221 F 342, also differs from this case in several vital respects. Not only did the bankrupt fail to schedule a defense to a claim or notify the trustee of its existence, but he allowed property to be sold to third persons, title to which depended on the validity of the creditor's claim. He then waited several years before attempting to assert by an action for damages that the claim was invalid because the judgment on which it was based had been obtained through a wrongful attachment.

The demurrer rulings in this case (107 Ga. App. 463, supra)

established that the cause of action here set out is one for damages resulting from untrue and derogatory statements made by the defendants in the foreclosure proceedings as to the plaintiffs' financial condition. This is an action which sounds in tort. It does not challenge or present any defense to the bank's claim for money owed it by virtue of the security instruments. Although it was not scheduled, the trustee investigated it and decided it was not worth pursuing. Under these circumstances whatever right of action may exist can still be pursued by these plaintiffs in their own names. It was error to overrule the demurrers to the plea in bar.

■ The motions for summary judgment were sufficient to raise the question of whether there were genuinely controverted issues of fact to be decided in the case. From the foregoing it appears that such issues exist. The defendant denied that the attempt at foreclosure was premature and denied that the plaintiffs sustained damages from its initiation. An issue of fact remains as to when the wording regarding the $2,000 note was placed on that instrument and what the intent of the parties was as to its effect. It follows that the grant of the motions for summary judgment was error.

The trial court erred in overruling the general demurrer to the plea in bar of the defendant, in overruling the demurrer to paragraph 13 of the first count of the answer, and in granting the defendant's motion for summary judgment.

*Judgments reversed. Nichols, P. J., and Hall, J., concur.*