JEANNIE S. SCHIERLOH, Respondent, v. ROBERT E. KELLY; HUNTER R. MCQUISTION and Others, Copartners Composing the Firm of Attorneys MCQUISTION AND MALCOLM, Appellants.

Second Department, February 18, 1938.

*James M. Gray,* for the appellants.

*James C. Healy* [*Raphael Link* with him on the brief], for the respondent.

TAYLOR, J.   This is an action for alleged malicious prosecution by civil process.   The defendants, who, with the exception of Robert E. Kelly, are members of a firm of attorneys, appeal from an order denying their motion for judgment on the pleadings.   They contend that the complaint does not state facts sufficient to constitute a cause of action.   In that pleading it is alleged, in substance, that defendant Robert E. Kelly, as plaintiff, commenced two actions, in which the firm acted as his attorneys, to set aside certain transfers of real property to the plaintiff, here respondent, by her husband, on the ground that those transfers were intended to delay, hinder and defraud creditors of the husband, of whom defendant Robert E. Kelly was one; that those actions were commenced and prosecuted maliciously and without probable cause; that the members of the firm acted as attorneys for this plaintiff and her husband in connection with the transfers thus attacked, and knew that the transfers were made for a valuable consideration; that, prior to the commencement of the actions, plaintiff notified the members of the firm by letter that she had been informed that they intended to bring action against herself and others to set aside the transfers as fraudulent, and to file a *lis pendens* in such action, and reminded them that they had acted for her in the transfers and knew that they were not fraudulent, and notified them that if they proceeded she would hold them responsible for any damage by her sustained; that nevertheless said defendants commenced

the actions and filed a *lis pendens* therein which prevented the plaintiff from leasing, mortgaging or selling the property thereby affected, to her damage in the sum of $30,000, and that she expended $3,000 in defending the Kelly actions, which were terminated by judgments in favor of the defendants therein.

Concededly, before the time for the taking of an appeal in the Kelly actions expired, the parties thereto had entered into stipulations pursuant to which the defendants therein satisfied their judgments for costs, and Kelly, the plaintiff therein, in consideration of such satisfactions, waived his right to appeal.

A cause of action will lie for malicious prosecution by civil process where the plaintiff's person or property was the subject of interference in the prior action by provisional remedy such as arrest, attachment or injunction, *or otherwise*. (*Sachs* v. *Weinstein*, 208 App. Div. 360, 365, 366, and cases there cited.) Taking the allegations in the complaint at their face, the *lis pendens* in each of the Kelly actions did interfere with plaintiff's property. Those actions terminated favorably to the defendants therein including the present plaintiff, by judicial decision. The waiver of costs by the successful parties did not alter that fact. The status of the present defendants-appellants (other than Robert E. Kelly) as attorneys in the Kelly actions did not render them immune from liability under the pleaded facts. (*Vernes* v. *Phillips*, 266 N. Y. 298; *Anderson* v. *Canaday*, 37 Okla. 171; 131 P. 697, 699, 700.) The complaint states facts sufficient to constitute a cause of action, but not for treble damages as demanded. (Penal Law, § 273; *Looff* v. *Lawton*, 97 N. Y. 478, 482.)

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order denying motion made by the defendants for judgment on the pleadings dismissing the complaint unanimously affirmed, with ten dollars costs and disbursements.