NEW YORK CASUALTY COMPANY, Plaintiff, *v.* PETER R. KUHN et al., Defendants.

Supreme Court, Special Term, New York County, March 27, 1948.

*Walter Higgins* for plaintiff.

*Louis B. Davidson* and *David Targ* for defendants.

EDER, J. Motion is granted. Defendants have appealed to the Court of Appeals from a judgment entered in favor of plaintiff; notice of appeal was served and filed and the bonds required by sections 593 and 594 of the Civil Practice Act were also served and filed. Prior thereto plaintiff issued judgment debtor subpœnas and third party subpœnas in an effort to enforce the collection of the judgment. The restraining provisions thereof in effect resulted in a levy upon certain property, which the opposing affidavit characterizes as having thus been "attached."

The defendants now move for an order vacating all proceedings taken by the plaintiff subsequent to the entry of judgment and that plaintiff be directed to inform defendants of the nature of all such proceedings and staying all proceedings herein until the determination of the appeal by the Court of Appeals.

The plaintiff directs attention to the feature that the copies of the bonds served are incomplete and insufficient in that there is no certificate certifying to the qualifications of the surety company mentioned therein to act as surety nor any statement as to its financial status. Assuming this to be so, it is merely an irregularity which can be corrected, and I do not find any statement that they were returned for this reason. If they were retained, the irregularity, if any, was waived.

The real and basic ground of opposition offered is that the proceedings, and levy or attachment accomplished by the

judgment debtor subpœnas and third party subpœnas, must remain in effect and unaffected by the stay resulting from the filing and serving of the bonds; that the stay is effective only as of the time the bonds were served and filed.

The cases cited in the plaintiff's brief are inapplicable and do not aid the plaintiff in view of the provisions of section 689 of the Civil Practice Act. This section is entitled "Discharge of levy after appeal," and so far as here material, provides: " Where an appeal taken from a final judgment to the court of appeals has been perfected, and the security required to stay the execution of the judgment has been given * * * the court, in which the judgment appealed from was rendered, in its discretion, and upon such terms as justice requires, may make an order, upon notice to the respondent and the sureties in the undertaking, discharging a levy upon personal property made by virtue of an execution issued upon the judgment appealed from * * * ."

While notice was not given to the sureties, this has not been made as a contention and is regarded as waived.

The plain purport of this provision and the legislative intent is that the security given is to operate to relieve the appellant of any restraint upon the property levied upon. In other words, that the respondent shall have but one security and not both the security of the bonds and the property levied upon in addition.

The effect of the judgment debtor subpœnas and the third party subpœnas when served, as here, constitutes as effectual a levy as if made upon an execution, and considering what I believe to be the legislative object and intent by the enactment of this provision, it is my view that the defendants are entitled to the relief sought under this section.

It is also my opinion that independent of this provision the court has inherent power to grant such relief in the circumstances, in the interest of justice. Settle order.