David Kusnetz, J.
Motion by defendants for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action.
The complaint alleges that plaintiff is a copartnership consisting of three individuals; that on May 24, 1956 the corporate defendant, acting through the individual defendants as its attorneys, entered a judgment against the plaintiff for the sum of $4,139.41 in the City Court, New York County; that said judgment contained among its provisions a stay of execution until five days after service of a copy thereof with notice of entry upon the attorney for the plaintiff herein; that immediately upon entry of the judgment and without serving a copy thereof upon the attorney for the plaintiff, and during the effective period of the stay and in violation thereof, defendants willfully served a third-party subpoena in supplementary proceedings upon the First National City Bank where plaintiff had on deposit a sum in excess of $10,000; that said subpoena contained the restraining provision of section 781 of the Civil Practice Act which required said bank to withhold moneys of the plaintiff not exceeding double the amount of the judgment, to wit $8,278.82; that a copy of the judgment was mailed to the attorney for the plaintiff late in the afternoon of May 25, 1956; that on May 28, 1956, the next business day after receipt of the judgment, a surety company bond was obtained, and together with a notice of appeal, was served on the defendants, who were then requested to release the funds on deposit with the First National City Bank but that defendants refused to do so; that plaintiff obtained an order to show cause on May 31, 1956, returnable on June 1, 1956, why the subpoena should not be vacated; that on the return day defendants made an application for an adjournment, thus delaying the decision of the court until the afternoon of June 1, 1956; that as a result plaintiff was deprived of the use of its property, its credit was injured and its insurance cancelled, all to its damage in the sum of $25,000.
Defendants contend that the complaint fails.to state a cause of action for abuse of process because defendants used the process of the court for the purpose for which it was intended, citing Dean v. Kochendorfer (237 N. Y. 384, 390) and Hauser v. Bartow (273 N. Y. 370). The appellation given to this action by the defendants is immaterial if what they did was wrongful. “ Names and classifications of remedies are not indispensable to a court, although they may be convenient and necessary for the student. Justice may not tarry to tabulate. The fact is, such a wrong must have a remedy.” (Keller v. Butler, 246 N. Y. 249, 254.)
*802 In Schierloh v. Kelly (253 App. Div. 373, 375) the Appellate Division of this department said: “ A cause' of action will lie for malicious prosecution by civil process where the plaintiff’s person or property was the subject of interference in the prior action by provisional remedy such as arrest, attachment or injunction, or otherwise. (Sachs v. Weinstein, 208 App. Div. 360, 365, 366, and cases there cited.) ” (See, also, Restatement, Torts, Vol. 3, § 674, Comment d, pp. 440-443.)
Since defendants interfered with plaintiff’s property, to wit its bank account, it follows that an action will lie if defendants ’ act of interference was not legally justifiable.
Defendants contend, however, that a stay of execution does not stay the institution or maintenance of a supplementary proceeding. In support of this proposition they cite various nisi prius decisions reported in the New York Law Journal. There is similar authority to the contrary. (Horowitz v. Rehman, N. Y. L. J., Oct. 24, 1935, p. 1459, col. 7 [City Ct., N. Y. Co.].) No appellate decision has been found on the precise point.
Prior to 1935 a supplementary proceeding could not be commenced until an execution had been returned unsatisfied. It was, therefore, impossible to commence a supplementary proceeding while execution was stayed. Indeed, this article was formerly known as “ Proceedings Supplementary to Execution ”. Its title was changed in 1935 to “ Proceedings Supplementary to Judgment ”, when the requirement for the return of an unsatisfied execution was eliminated.
Reason as well as the historical argument would seem to militate against the issuance of a subpoena in supplementary proceedings while execution is stayed. Supplementary proceedings are ancillary in nature, and, like an execution, have for their ultimate purpose the collection of the judgment. ' ‘ Staying-execution means, in effect, staying all efforts to collect the judgment. If it does not then there is no particular value in the stay.” (Wait’s Manual of Supplementary Proceedings, p. 34.)
This reasoning- is fortified by decisions affecting supplementary proceedings, which, although properly commenced when there was no stay in existence, were subsequently stayed by the filing of a bond on appeal. Thus, in Cowdrey v. Carpenter (2 Robt. 601), the court held that a stay obtained by filing a bond on appeal operates to suspend proceedings supplementary to execution. (See, also, 8 Carmody-Wait on New York Practice, pp. 667-669.)
More recently, in New York Cas. Co. v. Kuhn (192 Misc. 286, 288), Judge Edge stated that the legislative intent is “ that *803 the respondent shall have but one security and not both the security of the bonds and the property levied upon in addition. The effect of the judgment debtor subpoenas and the third party subpoenas when served, as here, constitutes as effectual a levy as if made upon an execution ”.
It will he noted, however, that in the cases above cited there was an interval of time between the entry of judgment and the filing of a bond during which the judgment creditor was not stayed, and could, therefore, legally enforce the judgment. In the instant case there was no such interval. The judgment itself contained a stay until five days after service upon the attorney for the plaintiff. During that period plaintiff served and filed a bond. There can be no distinction between a stay granted by judicial fiat and one obtained by the filing of a bond. In either case the creditor was stayed.
If there were any validity to defendants’ contention that a stay does not bar supplementary proceedings, then there would be nothing to prevent defendants from instituting further supplementary proceedings even now after plaintiff has furnished a bond. This result is manifestly unjust. The complaint states a cause of action, and the motion to dismiss it is denied.
Submit order.