BARNARD v HARTMAN

Docket No. 63503. Submitted July 21, 1983, at Lansing.—Decided December 5, 1983.

Michael J. Hluchaniuk, an attorney with the law firm of Birch and Dean, was retained by Ethel and Dorothy Hartman to institute a lawsuit against Martha Barnard, a court reporter for the Kent County Probate Court. Subsequently, a default judgment was entered against the Hartmans after their failure to appear for a trial. Thereafter, Barnard filed suit in Ingham Circuit Court against the Hartmans, Kenneth A. Birch, Phillip C. Dean, Michael J. Hluchaniuk, and Birch and Dean, alleging malicious prosecution and negligence. The court, James T. Kallman, J., granted summary judgment for the defendants. The plaintiff appealed. *Held:*

1. The circuit court did not err in granting summary judgment for the defendants. An essential element of an action for malicious prosecution is a special injury. The special injury must be some injury which would not necessarily occur in all suits prosecuted for similar causes of action. Here, the damage to the plaintiff's professional reputation on which she relies is the damage which would ordinarily result when a similar action is brought against a person in a position analogous to that of the plaintiff.

2. The circuit court did not err in denying the plaintiff's motion for leave to amend her complaint. The proposed amended complaint suffered from the same defect as the original complaint.

Affirmed.

1. MALICIOUS PROSECUTION — SPECIAL INJURY.

An essential element of a claim for malicious prosecution is a special injury; special injury consists of injury to one's fame, person, liberty, or property.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 52 Am Jur 2d, Malicious Prosecution § 11.
[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 377.
Medical malpractice countersuits. 84 ALR3d 555.

2. MALICIOUS PROSECUTION — SPECIAL INJURY.

A special injury for purposes of an action for malicious prosecution must be some injury which would not necessarily occur in all suits prosecuted for similar causes of action.

3. MALICIOUS PROSECUTION — MALPRACTICE ACTIONS.

Damage to one's professional reputation resulting from a medical malpractice action is insufficient to constitute a special injury for purposes of an action based on malicious prosecution.

*Farhat, Burns, Story & Stafford, P.C.* (by *Vittorio E. Porco),* for plaintiff.

*Ethel B. Hartman,* for defendants Hartman.

*Denfield, Timmer & Taylor* (by *George H. Denfield),* for defendants Birch, Dean, Hluchaniuk, and Birch and Dean.

Before: BEASLEY, P.J., and ALLEN and G. R. DENEWETH,* JJ.

G. R. DENEWETH, J. This is an action for malicious prosecution brought by plaintiff against her adversaries in a previous lawsuit and their attorneys. The circuit court held that plaintiff had failed to state a claim upon which relief could be granted, and defendants' motion for summary judgment pursuant to GCR 1963, 117.2(1) was granted. Plaintiff appeals as of right.

In *Friedman v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981), the Court held that an essential element of a claim for malicious prosecution is "special injury". Here, plaintiff's complaint alleged that she was a court reporter and that defendants had commenced a lawsuit against her charging her with intentionally preparing a false and misleading transcript. Plaintiff claimed that the previous lawsuit damaged her professional reputation

---

* Circuit judge, sitting on the Court of Appeals by assigment.

and that such damage was sufficient to satisfy the requirement of "special injury". Plaintiff points to the following language from *Friedman, supra,* 412 Mich 33-34.

"In 1698 three categories of damage which would support an action for malicious prosecution were identified: injury to one's fame (as by a scandalous allegation), injury to one's person or liberty, and injury to one's property. To this day the English courts do not recognize actions for malicious prosecution of either criminal or civil proceedings unless one of these types of injury, as narrowly defined by the cases, is present.

\* \* \*

"We are satisfied that Michigan has not significantly departed from the English rule and we decline to do so today." (Footnotes omitted.)

This language seems to recognize "injury to one's fame" as a category of "special injury". However, the plaintiff in *Friedman* alleged damage to his professional reputation. 412 Mich 18-19. The Court in *Friedman* nevertheless held that the plaintiff had failed to allege "special injury", 412 Mich 17:

"The Plaintiff has failed to state an actionable claim on a theory of malicious prosecution because his complaint did not allege interference with his person or property sufficient to constitute special injury under Michigan Law."

The Court in *Friedman* did not explain whether the "English rule" has been modified in Michigan to eliminate the category of "injury to one's fame" or whether damage to one's professional reputation is insufficient to meet the requirements of that category. However, other authorities which

discussed the "English rule" clarify matters some-
what.

In *Friedman, supra,* 412 Mich 34, fn 22, the
Court said:

"For discussion of what will constitute the requisite
injury, see *Quartz Hill Consolidated Gold Mining Co v
Eyre,* LR 11 QBD 674, 689-693; 52 LJQB(NS) 488 (1883)
(Opinion of Bowen, L.J.); and *Wiffen v Bailey & Rom-
ford Urban Dist Council* [1915] 1 KB 600."

The reference to the opinion in *Quartz Hill
Consolidated Gold Mining Co* leads to the follow-
ing discussion, LR 11 QBD 689-690:

"[N]o mere bringing of an action, although it is
brought maliciously and without reasonable or probable
cause, will give rise to an action for malicious prosecu-
tion. In no action, at all events in none of the ordinary
kind, not even in those based upon fraud where there
are scandalous allegations in the pleadings, is damage
to a man's fair fame the necessary and natural conse-
quence of bringing the action. Incidentally matters
connected with the action, such as the publication of
the proceedings in the action, may do a man an injury;
but the bringing of the action is of itself no injury to
him. When the action is tried in public, his fair fame
will be cleared, if it deserves to be cleared: if the action
is not tried, his fair fame cannot be assailed in any way
by the bringing of the action."

The reference to *Wiffen* leads merely to an
approval of the *Quartz Hill* opinion.

Modern cases take the view, consistent with the
opinion in *Quartz Hill,* that "special injury" must
be some injury which would not necessarily occur
in all suits prosecuted for similar causes of action.
See 52 Am Jur 2d, Malicious Prosecution, § 11, pp
194-195. In *Donovan v Barnes,* 274 Or 701, 712;
548 P2d 980 (1976), the Court explained:

"A loss of reputation may be a sufficiently unusual hardship to meet the special injury requirement if the injury is of a kind not ordinarily resulting from similar causes. However, if the injury to plaintiff's reputation is not of an unusual nature, but rather of the same kind as that normally flowing from the maintenance of similar actions, the plaintiff is without a remedy.

\* \* \*

"[I]t is not enough that the prosecution of the action entails a greater hardship than that which would flow from an ordinary civil action. The hardship must also be greater than that which ordinarily results from the prosecution of *similar* causes." (Emphasis in original.)

Courts in a number of other jurisdictions, like the Court in *Friedman,* have held that the damage to professional reputation resulting from a medical malpractice action is insufficient to constitute "special injury". See *Bickel v Mackie,* 447 F Supp 1376 (ND Iowa, 1978); *Rodriguez v Carroll,* 510 F Supp 547 (SD Tex, 1981); *Pantone v Demos,* 59 Ill App 3d 328; 16 Ill Dec 607; 375 NE2d 480 (1978); *Balthazar v Dowling,* 65 Ill App 3d 824; 22 Ill Dec 559; 382 NE2d 1257 (1978); *O'Toole v Franklin,* 279 Or 513; 569 P2d 561 (1977), and *Butler v Morgan,* 590 SW2d 543 (Tex Civ App, 1979).

Even if we assume that the Court in *Friedman* did not intend to eliminate the category of "injury to one's fame" from the categories of "special injury" the plaintiff, here, has not met the requirements for that category established in England and American jurisdictions following the "English rule". The damage to her professional reputation on which plaintiff relies is the damage which would ordinarily result when an action like that brought by the defendants is brought against a person in a position analogous to that of the plaintiff. The circuit court did not err by granting the defendant's motion for summary judgment.

Plaintiff also argues that the circuit court erred by denying her motion for leave to amend her complaint. Because the proposed amended complaint suffered from the same defect as did plaintiff's original complaint, no error occurred. See *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 660; 213 NW2d 134 (1973).

Affirmed.