KAUFFMAN v SHEFMAN

Docket No. 91078. Submitted February 11, 1987, at Detroit. Decided
    July 18, 1988. Leave to appeal applied for.

  Plaintiffs, C. William Kauffman and Carol A. Kauffman, pur-
    chased real property under a land contract from Gregory and
    Elizabeth Reynolds. The Reynoldses then assigned their inter-
    ests in the property to defendant Michigan National Bank-Ann
    Arbor as security for a note. Defendant Stephen E. Shefman,
    the bank's attorney, thereafter brought an action on behalf of
    the bank against the Reynoldses and the Kauffmans jointly and
    severally, alleging that the Reynoldses had defaulted on the
    note. The suit requested a determination of the Kauffmans'
    interest in the subject property in the context of the alleged
    default. The suit was dismissed with prejudice by stipulation of
    counsel after the Reynoldses cured the default. A second suit
    was brought by Shefman on behalf of the bank against the
    Reynoldses and the Kauffmans when the Reynoldses allegedly
    defaulted again on the note. A notice of lis pendens was filed on
    the property. The suit apparently was dismissed without preju-
    dice for lack of progress. The plaintiffs then brought the pres-
    ent malicious prosecution action in the Washtenaw Circuit
    Court against Shefman, the bank and its vice-president. The
    circuit court, Ross W. Campbell, J., granted Shefman's motion
    for summary disposition on the ground that plaintiffs' com-
    plaint failed to allege a special injury. Plaintiffs appealed.

    The Court of Appeals held:

    1. The circuit court correctly determined that plaintiffs'
    complaint was defective in its failure to allege the element of
    special injury. Neither the filing of the notice of lis pendens nor
    the institution of the two lawsuits against the plaintiffs caused
    the type of special injury required to sustain a claim for
    malicious prosecution.

    2. A successful malicious prosecution plaintiff must suffer

REFERENCES

Am Jur 2d, Lis Pendens §§ 3-7, 12.

Am Jur 2d, Malicious Prosecution §§ 6 *et seq.*, 43.

Nature of termination of civil action required to satisfy element of
    favorable termination to support action for malicious prosecution.
    30 ALR4th 572.

some injury which would not necessarily occur in all suits prosecuted for similar causes of action.

3. Under some circumstances a succession of suits can, in and of itself, result in injury which would not necessarily occur in similar actions. However, the succession of suits here did not amount to a special injury to the plaintiffs. The plaintiffs had no reasonable expectation that the dismissal of the first lawsuit would definitively resolve the issues between them and the bank. The plaintiffs had no reasonable expectation that the Reynoldses would not default a second time. The two defaults were two separate causes of action. The dismissal of the first suit with prejudice by stipulation of counsel was not a termination favorable to the plaintiffs.

Affirmed.

1. MALICIOUS PROSECUTION — ACTIONS — ELEMENTS OF MALICIOUS PROSECUTION.

The elements of a tort action for malicious prosecution of a civil proceeding are: (1) the termination of prior proceedings in favor of the present plaintiff; (2) the absence of probable cause for those proceedings; (3) malice, defined as a purpose other than that of securing the proper adjudication of the claim; and (4) a special injury that flows directly from the prior proceedings.

2. LIS PENDENS — NOTICE.

A notice of lis pendens does not prohibit alienation of the property involved while it may, as a practical matter, inhibit the alienation of the property in that it warns prospective purchasers that they take subject to the judgment rendered in litigation concerning the property.

3. LIS PENDENS — MALICIOUS PROSECUTION — SEIZURE OF PROPERTY.

The filing of a notice of lis pendens is not equivalent to a seizure of property for purposes of a claim of malicious prosecution of a civil proceeding.

4. MALICIOUS PROSECUTION — SPECIAL INJURY — ENGLISH RULE.

Michigan follows the so-called "English rule" with respect to the special injury requirement in a malicious prosecution action; this rule allows such an action only where one of three types of injury has been sustained: injury to fame, injury to person or liberty, or injury to property; a malicious prosecution plaintiff must suffer some injury which would not necessarily occur in all suits prosecuted for similar causes of action.

5. MALICIOUS PROSECUTION — SPECIAL INJURY — SUCCESSION OF SUITS.

A mere succession of suits is not enough to amount to special

injury for purposes of a malicious prosecution action absent a reasonable expectation by the malicious prosecution plaintiff that the first suit would end the controversy between the parties; each individual suit must satisfy the remaining three elements of the tort of malicious prosecution, namely, termination favorable to the malicious prosecution plaintiff, malice, and lack of probable cause, before a succession of suits may amount to a special injury.

6. Malicious Prosecution — Bars to Action.

A knowing adjustment, compromise, settlement or payment of a claim generally is a bar to a malicious prosecution action.

*Philip Green* and *Christine A. Green,* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *David A. French* and *Allyn D. Kantor*), for Stephen E. Shefman.

Before: J. H. Gillis, P.J., and Weaver and J. M. Batzer,* JJ.

J. M. Batzer, J. Plaintiffs, C. William Kauffman and Carol A. Kauffman, appeal as of right from an April 4, 1986, circuit court order dismissing with prejudice their complaint alleging common law malicious prosecution pursuant to MCR 2.116(C)(8). The circuit court dismissed the complaint as against defendant Stephen E. Shefman because it failed to allege the element of special injury. We affirm.

On December 17, 1979, the Kauffmans purchased real property under a land contract from Gregory and Elizabeth Reynolds. On September 30, 1981, the Reynoldses assigned their interests in the property to defendant Michigan National Bank —Ann Arbor as security for a note. On October 5, 1982, defendant Shefman, the bank's attorney,

* Circuit judge, sitting on the Court of Appeals by assignment.

filed suit on behalf of the bank in Washtenaw Circuit Court against the Reynoldses and the Kauffmans jointly and severally, alleging that the Reynoldses had defaulted on the note. The suit requested the circuit court to determine the Kauffmans' interest in the subject property in the context of the alleged default. The suit was dismissed with prejudice by stipulation of counsel on November 30, 1982, after the Reynoldses cured the default.

On June 23, 1983, Shefman filed a second suit against the Reynoldses and the Kauffmans on behalf of the bank, alleging a second default by the Reynoldses on the note. A notice of lis pendens was filed on the subject property in connection with the second suit. Although there are no allegations in the malicious prosecution complaint regarding the termination of the second suit, there is some indication in the record that it was dismissed, apparently for lack of progress and without prejudice.[1]

On June 26, 1985, the Kauffmans filed the instant complaint, alleging malicious prosecution against Shefman, the bank and its vice-president, Dennis Larson. In their complaint, the Kauffmans alleged the following injuries:

> 17. That at the time the second lawsuit was filed, a notice of lis pendens against the plaintiffs' property was also filed, and on knowledge and belief recorded with the Register of Deeds.
>
> * * *
>
> 26. That as a direct and proximate result of the

---

[1] As a favorable termination is a separate element of the tort, we note that this shortcoming is in itself fatal to the complaint. Because the record is not clear as to how or when the second suit was terminated, it is uncertain whether this defect could be cured by amendment under MCR 2.116(I)(5). In any case, our ruling on the special injury requirement would make such amendment futile.

malicious civil prosecution by these defendants, plaintiffs suffered special and consequential damages including but not limited to interference with their persons and property rights, costs and attorney fees, damage to their credit rating and reputation in the community, physical injury, mental anguish, embarrassment, and humiliation.

The circuit court granted Shefman's motion for summary disposition pursuant to MCR 2.116(C)(8), on the ground that the Kauffmans' complaint failed to allege a special injury. This appeal followed. The Kauffmans assert that the filing of notice of lis pendens in the second suit constitutes the element of special injury required to sustain a claim for malicious prosecution. Moreover, the Kauffmans assert that the institution of successive suits in itself constitutes a special injury.[2]

A motion for summary disposition under MCR 2.116(C)(8) will be granted only where the claim is unenforceable as a matter of law. Because such a motion tests the legal basis of the complaint, its factual allegations are taken as true, along with any reasonable inferences or conclusions which may be drawn from them. *Rathbun v Starr Commonwealth for Boys,* 145 Mich App 303, 307; 377 NW2d 872 (1985), lv den 424 Mich 908 (1986); *Local 80 Sheet Metal Workers v Tishman Construction Corp,* 103 Mich App 784, 787; 303 NW2d 893 (1981).

To survive a motion for summary disposition

[2] The Kauffmans concede in their brief on appeal that an independent claim for malicious prosecution of the first suit may be barred by the statute of limitations, but maintain that the first suit was part of a continuing tort which rendered subsequent suits actionable. Because of our ruling that successive suits do not constitute special injury in this case, we find no need to address this issue.

Defendant Shefman asserts on appeal that the Kauffmans have not sufficiently alleged the issues of probable cause and malice. Because of our ruling on the special injury issue, we need not address these questions.

under MCR 2.116(C)(8), the Kauffmans' complaint must allege facts to support all of the elements of a malicious prosecution action. Those elements are:

1. Prior proceedings terminated in favor of the present plaintiff;

2. Absence of probable cause for those proceedings;

3. Malice, defined as a purpose other than that of securing the proper adjudication of the claim; and

4. A special injury that flows directly from the prior proceedings.

*Young v Motor City Apartments Ltd,* 133 Mich App 671, 675; 350 NW2d 790 (1984).

We agree with the circuit court's ruling that plaintiffs' complaint is defective in its failure to allege the element of special injury. Neither the filing of the notice of lis pendens on the subject property nor the institution of these two lawsuits against the Kauffmans caused the type of special injury required to sustain a claim for malicious prosecution in Michigan.

In *Friedman v Dozorc,* 412 Mich 1, 33-34; 312 NW2d 585 (1981), our Supreme Court declared that Michigan follows the so-called "English rule" with respect to the special injury requirement in a malicious prosecution action. This restrictive rule allows a malicious prosecution action only where one of three types of injury has been sustained, namely, injury to fame, injury to person or liberty, or injury to property. Although the Court in *Friedman* declined to define precisely the boundaries of the special injury concept, it stated its intent to use this requirement as a means of limiting the availability of a malicious prosecution action.

> We are persuaded that the special injury re-
> quirement should be retained to limit the circum-
> stances in which an action for the malicious prose-
> cution of civil proceedings can be maintained.
>
> *   *   *
>
> The cure for an excess of litigation is not more
> litigation. Meritorious as well as frivolous claims
> are likely to be deterred. There are sure to be
> those who would use the courts and such an
> expanded tort remedy as a retaliatory or punitive
> device without regard to the likelihood of recovery
> or who would seek a means of recovering the
> actual costs of defending the first action without
> regard to whether it was truly vexatious. [412
> Mich 42, 46.]

In deciding *Friedman,* our Supreme Court was guided by its opinion in *Brand v Hinchman,* 68 Mich 590; 36 NW 664 (1888). This latter malicious prosecution action arose from an attachment obtained by the defendant against the plaintiffs' property. When officers entered the plaintiffs' store to execute the writ of attachment, plaintiffs told them that the debt underlying the attachment had been settled and requested the officers to wait until the defendant could be contacted before executing the writ. The officers remained for a least half an hour at the store until defendant's employee arrived to inform the officers that the claim had been settled. The officers left plaintiffs' store without serving the writ or levying on plaintiffs' property. The officer charged with executing the writ testified that he would have prevented the plaintiffs from selling anything in the store until the arrival of defendant's employee. The *Brand* Court held that an action for malicious prosecution would lie because plaintiffs' property had been subjected to "a technical taking and possession." 68 Mich 596.

In interpreting *Brand,* the *Friedman* Court was

careful to point out that the technical or constructive nature of the seizure of plaintiffs' property did not eliminate the essential element of seizure from a claim for malicious prosecution. 412 Mich 37. The Court observed that plaintiffs alleging malicious prosecution in Michigan have been required to show "some special injury equivalent to a seizure of property as a result of the defendant's institution of civil proceedings." 412 Mich 39-41.

The instant case involving a lis pendens is different from the *Brand* case. While the *Brand* plaintiffs were prevented from selling property in their store by the physical presence of the officers, the filing of notice of lis pendens did not interfere with the Kauffmans' possession of the subject property. Their complaint does not allege that they attempted to convey the property during the relevant time period; but even had they done so, the lis pendens would not have prevented the conveyance. While a notice of lis pendens may, as a practical matter, inhibit the alienation of the property in that it warns prospective purchasers that they take subject to the judgment rendered in litigation concerning the property, *Backowski v Solecki,* 112 Mich App 401, 412; 316 NW2d 434 (1982), the lis pendens does not prohibit alienation. As the learned trial judge pointed out in his well-crafted opinion, the "damage" caused plaintiffs by the filing of the lis pendens is exactly the kind of damage which would ordinarily result from a foreclosure action. Moreover, the filing of a lis pendens in this case was not damage caused by the bank's suit against plaintiffs. Had the bank not joined plaintiffs as defendants in the foreclosure suits, a notice of lis pendens would have been filed against the property anyway since those suits sought to determine the rights of other parties to the property.

Notice of lis pendens serves an important public purpose by protecting the right to litigation involving real property and protecting prospective purchasers by apprising them of disputes regarding rights in the land. These policies should not be thwarted by allowing the filing of a notice of lis pendens by an ultimately unsuccessful litigant to constitute grounds for a malicious prosecution action. Such a result would be contrary to the policy announced by our Supreme Court in *Friedman:* to refrain from intimidating those seeking to adjudicate their claims in the courts. Accordingly, we hold that the filing of a notice of lis pendens in this case is not equivalent to a seizure of property for purposes of a malicious prosecution claim. See *Nemanich v Long Grove Country Club Estates, Inc,* 119 Ill App 2d 169; 255 NE2d 466 (1970), in which the Illinois court reached the same conclusion.[3]

Defendant Shefman asserts that the Kauffmans have not preserved for appeal the issue whether the multiplicity of lawsuits in this case amounts to a special injury. This Court generally does not review even a meritorious claim which was not raised in the trial court. *MGM Brakes Division v Uni-Bond, Inc,* 111 Mich App 467, 475; 315 NW2d 170 (1981). Here, however, the Kauffmans raised the question of the effect of multiple lawsuits in their answer to Shefman's amended motion for summary disposition filed after the hearing on the motion. Although the circuit court opinion does not address this issue, we deem it preserved for appeal.

---

[3] We decline to follow *Chappelle v Gross,* 26 App Div 2d 340; 274 NYS2d 555 (1966); and *Schierloh v Kelly,* 253 App Div 373; 2 NYS2d 188 (1938), cited by the Kauffmans. These cases state the New York rule that use of a statutorily defined provisional remedy (including lis pendens) satisfies the special injury requirement. Michigan law has no such decisional or statutory counterparts.

The Kauffmans' argument that they suffered special injury by having to defend successive lawsuits is based on *Soffos v Eaton,* 80 US App DC 306; 152 F2d 682 (1945). The malicious prosecution defendant in *Soffos* had leased an apartment to plaintiff and unsuccessfully sued her for its possession after he was forced to reduce the rent under an emergency rent act. Defendant then brought a second suit for nuisance, which was likewise decided in favor of plaintiff. The third and fourth suits for possession were instituted against plaintiff by the defendant's daughter who had "purchased" the property from her father. The third suit was dismissed and the fourth was decided in favor of the plaintiff. In finding in the plaintiff's malicious prosecution action that the succession of suits constituted special injury, the court held:

> The burden of being compelled to defend successive unconscionable suits is not one which would "necessarily result in all suits prosecuted to recover for like causes of action." The burden increases in more than arithmetical proportion. . . . [S]uccessive suits may even wear a defendant down to the point of capitulation. We see no good reason why the law should tolerate repeated abuse of its processes. To allow redress for such abuse will not seriously hamper the honest assertion of supposed rights. No one is likely to be deterred from litigating an honest claim by fear that some future jury may erroneously decide that he has brought *two* suits maliciously and without probable cause. We hold accordingly that one who twice sues another maliciously and without probable cause is responsible to him in damages. [80 US App DC 307.]

The courts of this state have never considered the issue whether a succession of lawsuits in and of itself can constitute a special injury for purposes of a malicious prosecution action. Our Su-

preme Court's decision in *Friedman, supra,* recognizes that a special injury may arise from intrusions upon one's person as well as property. 412 Mich 33-34. However, application of the principles articulated in *Friedman* is difficult in cases involving injury to persons because the Court described the scope of the special injury requirement in terms of property. This Court's opinion in *Barnard v Hartman,* 130 Mich App 692; 344 NW2d 53 (1983), is more helpful in determining whether a succession of suits may amount to a special injury.

The *Barnard* case involved the dismissal of a court reporter's suit for malicious prosecution. The suit arose from a prior action against the court reporter for allegedly preparing a false and misleading transcript. The trial court found the allegation of damage to the reporter's professional reputation as a result of the prior action insufficient to establish a special injury. This Court upheld the dismissal of the suit, stating a rule similar to the one articulated in *Soffos, supra,* that a malicious prosecution plaintiff must suffer "some injury which would not necessarily occur in all suits prosecuted for similar causes of action." 130 Mich App 695. See also *Chrysler Corp v Fedders Corp,* 540 F Supp 706, 720 (SD NY, 1982).

Applying the rule set forth in *Barnard* to the issue before us, we hold that under some circumstances a succession of suits can in and of itself result in injury which would not necessarily occur in similar litigation. A party who reasonably expects to have obtained his peace with another from the outcome of an initial lawsuit brought by the other suffers a special injury where he is forced a second time to litigate the same dispute, or another dispute contrived for some improper purpose. See 3 Restatement Torts, 2d, § 679, p 466. The normal result of a lawsuit is the resolution of

the issues between the parties. Where a party does not accept that resolution and uses legal proceedings to harass another, he imposes on the other a burden greater than that normally flowing from such proceedings. Moreover, the party instituting a succession of improper lawsuits does so in contravention of the policy to limit litigation expressed in *Friedman, supra.* Recognizing that a succession of suits might constitute a special injury in limited instances will act in furtherance of this policy.

However, we stress that a mere succession of suits is not enough to amount to special injury absent a reasonable expectation by the malicious prosecution plaintiff that the first suit would end the controversy between the parties. If it were, a party who had committed multiple actionable offenses would have too easy a means of retribution against the offended party who rightfully turns to the courts for recourse. To establish a special injury, the succession of suits must defeat the reasonable expectations of peace generated by the termination of the first suit. Moreover, before the succession of suits may amount to a special injury, each individual suit must satisfy the remaining three elements of the tort of malicious prosecution, namely, termination favorable to the malicious prosecution plaintiff, malice, and lack of probable cause. This is necessary to avoid the risk of allowing recovery for malicious prosecution of an action which, although unsuccessful, was brought in good faith, or which might later be found meritorious in another court. See *Brand, supra* at 598; *Friedman, supra* at 48.

Applying the foregoing principles to the instant case, we find that the succession of suits alleged by the Kauffmans does not amount to a special injury. First, the Kauffmans had no reasonable ex-

pectation that the dismissal of the first lawsuit would definitively resolve the issues between them and the bank. The settlement of the first lawsuit made no determination of the Kauffmans' interest in the subject property as the bank's suit requested. The first lawsuit was dismissed when the Reynoldses cured their default; the Kauffmans had no reasonable expectation that the Reynoldses would not default a second time. Moreover, the two defaults by the Reynoldses were two separate causes of action, *Shelton v Wilson,* 274 Mich 433, 436; 264 NW 854 (1936), and there is no allegation in the complaint that the bank instituted the two suits for any purpose other than enforcing the Reynoldses' obligation to it.

The Kauffmans' complaint also contains no allegation regarding the termination of the second suit. Moreover, the dismissal of the first suit with prejudice by stipulation of counsel was not a termination favorable to the Kauffmans for purposes of satisfying that element of the tort of malicious prosecution. In *Brand, supra,* our Supreme Court stated the general rule that a knowing adjustment, compromise, settlement or payment of a claim is a bar to a malicious prosecution action. The Court stated the reasoning for the general rule as follows:

When the action complained of is the beginning or prosecution of a criminal suit or proceeding it is properly held, by all the authorities, that the determination of such suit or proceeding must be such as does not admit a reasonable cause for the prosecution. There must be an acquittal, or such proceedings as determine the case in the favor of the accused person without any settlement by him of the criminal charges, or any connivance on his part to secure his discharge. This is also the general rule where a groundless and malicious civil

suit constitutes the cause of action. Were the rule otherwise, the defendant in the action complained of might recover in an action for malicious prosecution, and yet be convicted, or have a judgment rendered against him, in the former suit. [68 Mich 598.]

See also *Cascarella v National Grocer Co,* 151 Mich 15; 114 NW 857 (1908).

Because the dismissal of the first lawsuit in the instant case was with prejudice only in the context of the Reynoldses' claimed default and not as to later defaults, and did not determine the Kauffmans' interest in the subject property vis-à-vis the bank, the dismissal did not operate as a termination in their favor. In the absence of a favorable termination of the two prior lawsuits, and absent a reasonable expectation on the part of plaintiffs that dismissal of the first suit definitively resolved the issues between them and the bank, we hold that the succession of lawsuits in this case was insufficient to constitute a special injury for purposes of a malicious prosecution action.

Affirmed.