*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW J. ABRAHAM and MATTHEW J. ABRAHAM PC,

　　　　　Plaintiffs-Appellants/Cross-Appellees,

v

INCORP SERVICES, INC.,

　　　　　Defendant-Appellee/Cross-Appellant,

and

MADDIN, HAUSER, ROTH & HELLER and FOX ROTHSCHILD, LLP,

　　　　　Defendants.

UNPUBLISHED
March 28, 2019

No. 342296
Genesee Circuit Court
LC No. 17-109936-CK

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

　　　　Plaintiffs, Matthew J. Abraham and Matthew J. Abraham, PC, appeal as of right the order of the trial court granting summary disposition to defendant Incorp Services, Inc. (Incorp), and also challenging the trial court's denial of their motion to amend the complaint. Incorp appeals as of right the same order, challenging the trial court's denial of its motion for sanctions against plaintiffs. We affirm.

## I. FACTS

This case arises from a previous collection action by Incorp against plaintiffs. Incorp is a Nevada corporation that provides registered agent services to corporations and other entities throughout the United States. In 2008, plaintiff Matthew J. Abraham, an attorney, acting through his professional corporation, plaintiff Matthew J. Abraham, PC, formed 103 limited liability companies (LLCs) on behalf of various clients. Abraham PC arranged for Incorp to provide services as the registered agent for each LLC. According to plaintiffs, Incorp was to set up an individual account for each LLC to be paid by each individual LLC, and not by plaintiffs. According to Incorp, the fees largely went unpaid, and by 2014, it was owed over $70,000 in unpaid registered agent fees that Incorp contended plaintiffs were contractually obligated to pay.

In 2014, Incorp, represented by defendant law firm Fox Rothschild, LLP (Fox), filed a collection action against Abraham individually in Nevada, seeking to collect the disputed fees. The Nevada court dismissed the lawsuit for lack of personal jurisdiction over Abraham. After the Nevada case was dismissed, Incorp, through its Michigan counsel, defendant Maddin, Hauser, Roth & Heller, PC (Maddin), filed a lawsuit against plaintiffs in Michigan ("the prior action"), seeking approximately $83,000 in unpaid fees. Incorp's complaint alleged counts of account stated, breach of contract, unjust enrichment, and promissory estoppel.

Plaintiffs filed a counter-complaint against Incorp, alleging malicious prosecution and violation of collection practices. The trial court granted Incorp summary disposition of the counter-complaint, dismissing without prejudice the claims of malicious prosecution and violation of collection practices. The trial court similarly dismissed plaintiffs' second amended counter-complaint without prejudice. This Court thereafter denied plaintiffs' application for interlocutory leave to appeal from the trial court's dismissal of the counter-complaint. *Incorp Services Inc v Matthew J. Abraham*, unpublished order of the Court of Appeals, entered August 17, 2016 (Docket No. 333763).

Meanwhile, the trial court permitted Incorp to substitute as defendant Abraham PC in place of Abraham individually. The prior action proceeded to a jury trial, which concluded with a verdict for Abraham PC. The jury verdict stated:

QUESTION NO. 1: Did Incorp Services, Inc. and Matthew J. Abraham, P.C. enter into a binding contract (written or oral)?

Answer: Yes

QUESTION NO. 2: Did Incorp Services, Inc. perform all, or substantially all, of the registered/resident agent services that it was required to provide under the contract?

Answer: Yes

QUESTION NO. 3: Did Matthew J. Abraham, P.C. breach the contract with Incorp Services, Inc. by failing to pay for the registered/resident agent services that Incorp Services, Inc. provided?

Answer: No

QUESTION NO. 4: Did Matthew J. Abraham, P.C. promise to pay Incorp Services, Inc. for the registered/resident agent services that Incorp Services, Inc. provided?

Answer: No

\* \* \*

QUESTION NO. 6: Did you find that Matthew J. Abraham, P.C.'s account is stated as set forth in Special Jury Instruction No. 1?

Answer: No

Thereafter, plaintiffs filed their complaint initiating this action against Incorp,[1] alleging breach of contract, fraud, and malicious prosecution. Incorp moved for summary disposition of the complaint under MCR 2.116(C)(7), (8), and (10), and for sanctions against plaintiffs, while plaintiffs requested leave to amend the complaint. The trial court granted Incorp's motion for summary disposition, denied Incorp's motion for sanctions, and also denied plaintiffs' request for leave to amend the complaint. Plaintiffs now appeal the trial court's order to this Court, and Incorp cross-appeals from that same order.

## II. DISCUSSION

### A. SUMMARY DISPOSITION

Plaintiffs contend that the trial court erred in granting Incorp summary disposition of their claims under either MCR 2.116(C)(7), (8), or (10), and argue that the trial court should have instead granted summary disposition in favor of plaintiffs on their claims of breach of contract and fraud. We disagree.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Graham v Foster*, 500 Mich 23, 28; 893 NW2d 319 (2017). In so doing, this Court reviews the entire record to determine whether the moving party was entitled to summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(7) asserts that the claim is barred by "release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." MCR 2.116(C)(7). In considering a motion under MCR 2.116(C)(7), this Court considers all

---

[1] Plaintiffs also sued Fox and Maddin, alleging malicious prosecution. The trial court granted Maddin's motion for summary disposition, and thereafter, upon stipulation of the parties, the trial court dismissed without prejudice the complaint against Fox.

-3-

documentary evidence and accepts the complaint as factually accurate unless specifically contradicted by the documentation. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the Court. See *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

A motion for summary disposition under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden*, 461 Mich at 119. A motion for summary disposition under this section is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery. *Id*. By contrast, when reviewing an order granting summary disposition under MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*.

In this case, the trial court granted Incorp's motion for summary disposition, but did not state the section of MCR 2.116(C) that was the basis for the order. On the record, however, the trial court reasoned that plaintiffs' claims for breach of contract and fraud are barred, and that plaintiffs failed to allege a special injury sufficient to establish malicious prosecution. We agree.

## 1. BREACH OF CONTRACT

Plaintiffs' breach of contract claim is barred by res judicata, and summary disposition of this claim was therefore warranted under MCR 2.116(C)(7). Res judicata and collateral estoppel are preclusion doctrines that impose finality to litigation when the same parties have already had a full and fair opportunity to litigate their claims. *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745 (2016). The doctrine of res judicata was judicially created to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) (quotation marks and citations omitted). Res judicata precludes relitigation of a claim that is predicated on the same underlying transaction as a claim litigated in a prior case. *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013). By contrast, collateral estoppel bars relitigation of an issue in a subsequent, different cause of action between the same parties, where the prior proceeding ended in a valid judgment and the issue was actually and necessarily determined in the prior proceeding. *Johnston v Sterling Mtg & Investment Co*, 315 Mich App 724, 756; 894 NW2d 121 (2016) (citation omitted).

Res judicata operates to bar a second action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). Parties are in privity for purposes of res judicata when they are "so identified in interest with another party that the first litigant represents the same legal right that

the later litigant is trying to assert." *Adair v Michigan*, 470 Mich 105, 122; 680 NW2d 386 (2004). Res judicata is broadly applied in Michigan, barring not only claims already litigated, but also every claim arising from the same transaction that could have been brought by exercising reasonable diligence. *Dart*, 460 Mich at 586.

In the prior action, Incorp sued Abraham PC, alleging that Abraham PC and Incorp entered into an agreement in which Incorp was to provide resident agent services to the 103 LLCs, that Incorp substantially performed on the contract, that Incorp therefore became entitled to collect resident agent fees from Abraham PC, and that Abraham PC breached the contract by refusing to pay Incorp's fees. Among the specific questions submitted to the jury was whether a contract existed between Abraham PC and Incorp, to which the jury answered "yes," and whether Incorp substantially performed on that contract, to which the jury also answered "yes." In the current case, the complaint, this time filed by plaintiffs, again alleges that Abraham PC and Incorp entered into an agreement in which Incorp was to provide resident agent services to the 103 LLCs, and that Incorp thereafter breached the contract, questions specifically answered by the jury in the prior litigation. Because of the identity of the parties[2] and the identity of the claim in this litigation and the prior action, the breach of contract claim in this case was properly dismissed under MCR 2.116(C)(7) as precluded by res judicata.

## 2. FRAUD

Plaintiffs' fraud claim was properly dismissed in part under MCR 2.116(C)(7) as barred by the statute of limitations, but also is properly dismissed under MCR 2.116(C)(8) because plaintiffs failed to allege facts sufficient to support a claim for fraud. To set forth a prima facie claim of fraudulent misrepresentation, a plaintiff must establish that (1) the defendant made a material representation, (2) that was false, (3) the defendant knew the representation was false, or made it recklessly, (4) the representation was made intending that the plaintiff would act in reliance upon it, (5) the plaintiff acted in reliance on the representation, and (6) the plaintiff suffered damage. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 378; 689 NW2d 145 (2004). The element of reliance must be a reasonable reliance upon the false representation. *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994). In sum, a fraudulent misrepresentation requires an affirmative false representation intended to deceive. See *M & D, Inc v W B McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998).

Plaintiffs allege that Incorp made fraudulent statements to them in 2008 and 2014. The statute of limitations applicable to an allegation of fraud is six years. MCL 600.5813; *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). The period of limitations begins to run from the time the claim accrues, and the claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Here, plaintiffs' allegations that Incorp made misrepresentations to them in 2008 was barred by the time plaintiffs filed their complaint in this case in October 2017.

---

[2] Abraham individually is a party here, but was not a party to the prior action after the trial court permitted Incorp to substitute Abraham PC for Abraham individually. Plaintiffs, however, have identity of interest with each other sufficient to establish privity. See *Adair*, 470 Mich at 122.

Summary disposition of the entire fraud claim was warranted, however, under MCR 2.116(C)(8) because plaintiffs' complaint does not allege facts sufficient to demonstrate the elements of fraudulent misrepresentation. Plaintiffs' allegations of fraud against Incorp are more akin to a claim of breach of contract. See *M & D, Inc*, 231 Mich App at 27. The facts suggest that the parties contracted in 2008 with the intention that the individual LLCs would pay the fees, but by 2014, when Incorp had not been paid, Incorp looked to plaintiffs for the fees, arguing that the contract imposed that duty. Disagreeing over contractual liability, however, does not establish that at the inception of the contract Incorp made false statements to induce plaintiffs to rely on those statements. Similarly, plaintiffs' allegations that in 2014, Incorp sought information from them under the guise of billing the LLCs, but was actually acquiring the information in preparation to sue Abraham individually in Nevada, does not establish fraudulent misrepresentation. Rather, the facts suggest that plaintiffs were contractually obligated to provide the LLCs' contact information to Incorp, and did so to facilitate Incorp billing the LLCs. The fact that Incorp then sued Abraham individually instead of billing the LLCs indicates a contract dispute, but does not demonstrate fraud. In addition, although plaintiffs allege damages resulting from defending the lawsuits, they do not establish that the alleged fraud was the basis of those alleged damages. Because plaintiffs failed to allege facts sufficient to establish the elements of fraud, Incorp was entitled to summary disposition of this count of plaintiffs' complaint.

## 3. MALICIOUS PROSECUTION

Plaintiffs' complaint also failed to state a claim for malicious prosecution, and summary disposition of this claim was therefore warranted under MCR 2.116(C)(8). The tort of malicious prosecution is disfavored in Michigan. See, e.g., *Friedman v Dozorc*, 412 Mich 1, 46; 312 NW2d 585 (1981) ("The cure for an excess of litigation is not more litigation"). The elements of malicious prosecution under Michigan law are (1) the prior proceedings terminated in favor of the plaintiff in the present case, (2) the plaintiff in the prior proceeding lacked probable cause, and (3) malice, meaning that the plaintiff in the prior proceeding had a purpose other than obtaining adjudication of the claim asserted. *Id*. at 48. In addition, a plaintiff asserting malicious prosecution must establish that he or she suffered a "special injury," meaning an "injury to one's fame (as by a scandalous allegation), injury to one's person or liberty, and injury to one's property." *Id*. at 33-34. A special injury must be an injury that would not necessarily occur in all lawsuits alleging similar causes of action. *Barnard v Hartman*, 130 Mich App 692, 694-695; 344 NW2d 53 (1984).

In this case, Incorp sued plaintiffs in Nevada and Michigan, and in each case plaintiffs prevailed. Plaintiffs, however, have failed to establish that in bringing the lawsuits Incorp lacked probable cause, or that they had a purpose other than obtaining adjudication of the claim asserted. See *Friedman*, 412 Mich at 48. Plaintiffs allege no facts that establish that defendants acted with any other purpose than to obtain the fees that Incorp argued were owed to them by plaintiffs by virtue of the contract. And, in fact, the jury in the prior action found that a contract did exist between the parties and that Incorp had substantially performed on the contract; the jury simply concluded that Abraham PC was not obligated under the contract to pay the fees.

In addition, plaintiffs do not allege facts to establish that they have suffered a special injury. Plaintiffs' complaint alleges as damages that Abraham individually "suffered emotional

damages, a large loss of time and expended more than $10,000 in attorneys' fees." These alleged injuries, however, are the type of injuries that likely would occur in all lawsuits in which one party seeks to collect from another party under a contract, and therefore do not rise to the level of a "special injury." See *Barnard*, 130 Mich App at 694-695. Because plaintiffs did not allege facts sufficient to set forth a claim of malicious prosecution, the trial court properly granted summary disposition of this claim to Incorp under MCR 2.116(C)(8).

## B. REQUEST TO AMEND

Plaintiffs next contend that the trial court erred in failing to permit them to amend the complaint to allege abuse of process instead of malicious prosecution. We disagree. This Court reviews a trial court's decision to grant or deny leave to amend pleadings for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). The trial court does not abuse its discretion unless its decision falls outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

MCR 2.118(A)(2) provides that leave to amend a pleading "shall be freely given when justice so requires." Further, MCR 2.116(I)(5) provides:

> If the grounds asserted [in support of summary disposition] are based in subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

Thus, under MCR 2.116(I)(5), a trial court granting summary disposition under MCR 2.116(C)(8),(9), or (10), must permit the parties to amend their pleadings unless such amendment would be futile. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). And although a trial court's decision to permit or deny leave to amend is subject to reversal only upon an abuse of the trial court's discretion, this Court has also stated that "amendment is generally a matter of right rather than of grace," *In re Kostin*, 278 Mich App 47, 52; 748 NW2d 583 (2008), and leave to amend "should ordinarily be denied only for particularized reasons such as undue delay, bad faith or dilatory motive, repeated failures to cure by amendments previously allowed, or futility." *Decker v Rochowiak*, 287 Mich App 666, 681; 791 NW2d 507 (2010). "A determination of futility must be based on the legal insufficiency of the claim on its face." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2004).

Abuse of process is defined as the wrongful use of a court's process, but not as the use of process for the wrongful initiation of an action. *Lawrence v Burdi*, 314 Mich App 203, 211; 886 NW2d 748 (2016). To prove abuse of process, a plaintiff must demonstrate (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of a proceeding. *Friedman*, 412 Mich at 30. The act must be something more than simply initiating a lawsuit, and the ulterior purpose must be something more than settling a lawsuit. *Id*. at 31. "One way in which process is sometimes abused, is by making use of it to accomplish not the ostensible purpose for which it is taken out, but some other purpose for which it is an illegitimate and unlawful means." *Lawrence*, 314 Mich App at 212 (citation omitted).

In this case, plaintiffs' complaint does not allege facts that would support a claim of abuse of process. In Count III of the complaint alleging malicious prosecution, the gist of plaintiffs' allegations is that Incorp filed the lawsuits in Nevada and then in Michigan without any legal basis to do so, for the purpose of having a court order Abraham to pay the fees incurred under the contract. These allegations do not support an abuse of process claim. They involve merely the filing of a lawsuit to attempt to enforce a contract, albeit one which plaintiffs did not believe was enforceable against them. Because the facts alleged by plaintiffs do not support the claim of abuse of process that plaintiffs sought to add by amending the complaint, the proposed amendment was futile, and leave to amend was properly denied. See, e.g., *Capitol Prop Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 427; 770 NW2d 105 (2009).

## C. SANCTIONS

On cross-appeal, Incorp contends that the trial court erred by denying its motion for sanctions under former MCR 2.114(E) and (F). We disagree. We review a trial court's decision on a motion to impose sanctions under former MCR 2.114 for clear error. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that the trial court has made a mistake. *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

Under former MCR 2.114,[3] a court was empowered to assess costs and attorney fees against a party as a sanction for filing an unfounded pleading or for bringing a frivolous claim, the purpose being to deter attorneys and parties from advancing frivolous claims. See *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 719; 591 NW2d 676 (1999). Before imposing sanctions under MCR 2.114(E), however, a trial court was required to first find that an attorney or party had signed a pleading in violation of MCR 2.114(A)-(D) based upon the facts of that case. *In re Stafford*, 200 Mich App 41, 42; 503 NW2d 678 (1993). MCR 2.114(D) provides that the signature of an attorney or a party is a certification by that person that the document is "well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and also, that the document is not "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." MCR 2.114(D).

Similarly, whether a claim is frivolous under former MCR 2.114(F) depends on the facts of the particular case. *Kitchen*, 465 Mich at 662. A claim is frivolous if a party's legal position was devoid of arguable legal merit, if the party had no reasonable basis to believe the underlying facts of its position were true, or if the party's primary purpose in bringing the action or asserting the defense was to harass, embarrass, or injure the other party. MCL 600.2591(3)(a); *Edge v Edge*, 299 Mich App 121, 134-135; 829 NW2d 276 (2012).

---

[3] MCR 2.114 was repealed, effective September 1, 2018, but was in effect at the times relevant to this case. The language previously found in MCR 2.114(D) through (F) has been retained at MCR 1.109(E).

Here, Incorp argues that plaintiffs' claims were frivolous and that the complaint was filed for an improper purpose because the claims had been disposed of in the prior action. Plaintiffs' claims of fraud and malicious prosecution, or similar allegations, however, were dismissed by the trial court in the prior action without prejudice, and therefore were not litigated to conclusion. A dismissal of a claim without prejudice is not a dismissal on the merits. *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015). The use of the term "without prejudice" indicates the "right or privilege to take further legal proceedings on the same subject, and show[s] that the dismissal is not intended to be *res ajudicata* of the merits." *Id.* (quotation marks and citation omitted). Plaintiffs' claims for fraud and malicious prosecution therefore were not barred by the previous dismissals, and the dismissal without prejudice suggests the right to pursue further legal proceedings.

Incorp also argues that it is entitled to reimbursement of its costs for defending this appeal because the appeal is vexatious. MCR 7.216(C)(1) provides that an appeal is vexatious if it was taken to hinder or delay or without a reasonable basis to believe that there was a meritorious issue for determination on appeal, or if "a pleading, motion, argument, brief, document, or record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." MCR 7.216(C)(1)(a) and (b). *Edge*, 299 Mich App at 135. In this case, although plaintiffs' claims were not sufficient to survive summary disposition, Incorp has not demonstrated that the appeal was taken to hinder or delay or that plaintiffs were without a reasonable basis to believe that there was a meritorious issue on appeal.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

-9-